JOHNSON *et al*, Appellants, v. MCALLISTER'S ASSIGNEE, Respondent.

1. Where a deed of assignment of goods is, on its face, in trust to the use of the grantor therein, it is fraudulent and void as against creditors, existing and subsequent, and purchasers ; and the courts will so declare as a matter of law.
2. Where, however, the deed is not void on its face, and extrinsic evidence is adduced to show it to be fraudulent, the court will submit the issue of fraud, under proper instructions, to the jury, who will determine, as a matter of fact, whether the deed is fraudulent or not.
3. The fact that a deed of assignment gives the assignee the privilege of selling the assigned goods on a credit does not render the deed void on its face.
4. The thirty-ninth section of the act concerning voluntary assignments (R. C. 1855, p. 210) does not prevent a debtor from assigning his property for the benefit of a portion only of his creditors ; said section operates to invalidate all provisions in such assignments which give preferences among the designated creditors ; the designated creditors are entitled to be paid *pro rata* out of the proceeds of the assigned property.
5. The reservation to the grantor in a deed of assignment for the benefit of certain designated creditors of any surplus there may be after the payment of the debts of such preferred creditors does not render the deed void on its face.

*Appeal from Holt Circuit Court.*

H. Johnson and others in April, 1859, recovered a judgment against John B. McAllister. On the 20th of May, 1859, an execution was issued, placed in the hands of the sheriff, and levied the same day on a stock of goods as the property of said McAllister. After the sheriff had made this levy, George B. Chadduck claimed to be the owner of said goods by virtue of a deed of assignment executed by the said McAllister for the benefit of certain creditors. After two indecisive trials of the right of property by juries summoned by the sheriff—the juries disagreeing—it was agreed by all the parties that the sheriff should go on and sell the goods, and hold the money received therefor in his hands until the next term of the Holt circuit court, at which time the rights of the parties should be determined by the court upon a motion made by said Chadduck for an order requiring the sheriff

to pay over the money received to said Chadduck. This motion was accordingly made.

At the hearing of this motion, the deed of assignment referred to above was read in evidence against the objection of plaintiffs. It is as follows : " This deed of assignment made and entered into this 20th day of May, 1859, by and between John B. McAllister, of the county of Holt, &c., of the first part, and George B. Chadduck, of, &c., of the other part, Witnesseth : That, whereas the party of the first part, being largely indebted to sundry and divers persons, and especially to these following, viz. : Oliver Bennett & Co., Woods, Christy & Co., [enumerating many others, but not specifying the amounts due ;] and whereas said party of the first part is desirous to secure said creditors in the payment of the amounts due thereon from him; therefore, in consideration of the premises, and the further consideration of one dollar, &c., has this day and by this deed does bargain, sell, convey and deliver unto the party of the second part, the following personal property, viz. : All the stock of general merchandise now in the store of the party of the first part, in Oregon, Holt county, Missouri, consisting of dry goods, clothing, boots, shoes, hats, caps, millinery goods, hosiery, groceries, hardware, iron, nails and cutlery, together with the store fixtures; one roan horse ; one buggy and harness. And the said assignee, party of the second part hereto, is required, as fast as may be, to sell said property at such times and on such terms as to him may seem best, so that the same ahall be fully sold and settled up by the first of September, A. D. 1859 ; and as fast as may be to pay the parties herein secured the amount of indebtedness of the party of the first part on his individual account, and that is due and mature at this date ; and after the payment of the expenses of this assignment and the debts herein provided for, said assignee shall pay to the party of the first part any surplus that may be in his hands. In testimony whereof, the parties, &c. [Signed] J. B. McAllister (seal), George B. Chadduck (seal.)"

This deed, as shown by the testimony of the clerk of the

Holt circuit court, who is *ex officio* recorder, the above deed of assignment was filed for record in the forenoon of the 20th of May, 1859; the execution, under which the levy was made, was issued by him as clerk in the afternoon of said day. Evidence was adduced to show that Chadduck was placed in possession of said stock of goods in the forenoon, and that McAllister was seen handling goods in the afternoon in the presence of another as if he was exhibiting them for sale. The amount of indebtedness of said McAllister to a portion of the creditors named in the assignment was proven, much exceeding the amount in the hands of the sheriff.

The plaintiffs moved the court to declare the law as follows: "1. The court will exclude from its consideration the deed of assignment read in evidence. 2. Said deed from McAllister to Chadduck is fraudulent *per se*, by virtue of the first section of the statute of frauds concerning fraudulent conveyances, because it reserves and creates a trust in favor of the grantor therein, and the law is for plaintiffs. 3. If the court believe from the evidence that McAllister remained in possession of the goods sold, and either sold or attempted to sell the same, then such is a fact from which the court may presume fraud in fact. 4. If the court believe from the evidence that said Chadduck never took the possession of said goods, and failed to give bond as such assignee, or otherwise qualify as such, then the law is for the plaintiffs. 5. Said deed is too indefinite and too uncertain in its terms to convey title to the goods mentioned therein, and for the proceeds of which this motion is filed. 6. Said execution so levied upon said property was prior in right to that of the assignee, if the court believe from the evidence that said Chadduck never took the possession thereof; and in such case, then, the law is for said plaintiff." Of these the court gave the third and refused the others.

*Vories & Vories*, for appellants.

I. The deed on its face shows that there were other creditors of the grantor therein not provided for by said deed; it

also contains a trust reserved for the benefit of the grantor, which had the effect to render the deed *per se* void as to such creditors. (Goodrich v. Davis, 6 Hill, 438; Zeigler v. Watters, 24 Mo. 575; Burrill on Assignments, 393, 398; R. C. 1855, p. 802; Brooks v. Wimer, 20 Mo. 503; 24 Mo. 575, 581.) If the deed was not *per se* void as to creditors, the evidence clearly showed that there were other creditors not provided for in said deed, and that there was a trust reserved in favor of the grantor which would render the said deed void as to creditors. The court below therefore erred in admitting the deed in evidence and in refusing the declarations of law asked by the plaintiffs in the execution. The deed was also void under the second section of the statute, as being made to hinder and delay creditors. From the terms of this deed the assignee might have sold the goods on a credit, as he was to sell them upon such terms as he pleased. The deed was therefore void in tending to hinder and delay creditors. (Burr. on Assign. 385.) The deed was too uncertain on its face to convey any specific goods or property, unless at least they were actually delivered.

*Loan, Ryland & Son*, and *Davis*, for respondent.

I. The only point seriously contended for in the court below was the insufficiency of the deed of assignment to sustain the claim of the assignee, for the reason that it was void *per se* on account of the reservation of the latter part of the deed for the payment to the grantor of the surplus, if any, after paying the debts enumerated in the deed. That this is not a reservation to the use of the grantor within the statute, see Richardson et al. v. Levin, 16 Mo. 596.

SCOTT, Judge, delivered the opinion of the court.

We have never adopted in this state the course of decisions in New York under the statute concerning fraudulent conveyances. Our courts do not hear extrinsic evidence in relation to the validity of a conveyance, and then, on such evidence, as a matter of law, pronounce the conveyance void.

When a conveyance on its face is fraudulent and void, the court will declare it so. But when it appears to be fair, and its validity depends on extrinsic evidence, that evidence is submitted to a jury, who will determine, as a matter of fact, whether it is fraudulent or not.

We do not hold that a clause in a deed of assignment for the benefit of creditors, which requires the assigned effects to be sold on a credit, of itself renders the deed void. Such requirement is not of itself proof of fraud. The motive to such a requirement must be determined by circumstances. Cases may occur in which a sale on a credit might be advantageous to all interested. Our statute of assignments directs the courts to sell the assigned effects for cash in hand, or upon such reasonable credits as shall appear to such courts to be for the interest of all concerned. (R. C. 1855, p. ——, sec. 31.)

The last section in our assignment law, it has been held, does not prevent a debtor from giving a preference to some creditors over others, though that section prohibits any discrimination amongst those that may be included in the deed. (Shapley v. Baird, 26 Mo. 322.)

The reservation to the grantor of any surplus after satisfying the preferred creditors does not avoid a deed of assignment. Such a reservation is no more than the law implies. The surplus would belong to the debtor whether the deed contained the reservation or not, and under our system of practice it may readily be reached by a creditor. But there may be no surplus. Shall a deed be declared void because it contains a provision which effects nothing? (Richards v. Levin, 16 Mo. 598.)

As the trial of the issue was submitted to the court its finding will not be disturbed, according to the practice of this court. Affirmed. The other judges concur.