# HENRY A. NEAL

*v.*

## JOHN T. HANDLEY.

*Filed at Springfield March 27, 1886.*

1. EVIDENCE—*receipt in full, as evidence of payment—evidence to overcome the same.* A receipt purporting to be in full payment of a judgment or decree, is evidence of such payment, which can only be overcome by a clear preponderance of evidence.

2. PAYMENT—*of a sum less than the amount due—as a satisfaction.* The rule of law that the payment of a less sum of money can not be pleaded in satisfaction of a larger sum, is confined to the case of the payment of or agreement to pay a less sum of *money*, merely, and does not apply to the case of the payment of a less sum of money and some other thing.

3. So where a party paid $100 and gave a cow to one in full satisfaction of a judgment against him for $200, which was accepted as such, and a receipt given him for the $200 in full, and the attorney of the plaintiff in the judgment sued out an execution thereon, giving credit of $140 on the same, under which the defendant's land, without any notice to him, was sold, it was *held*, that the sale was properly set aside in equity.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding.

This was a bill in equity, brought by John T. Handley, against Henry A. Neal, for the setting aside of a sheriff's sale, and the cancellation of the deed made thereon.

The following facts appear from the pleadings and proofs: On April 29, 1881, one John Hensley recovered a judgment against Handley for $760.94, and afterward, in a suit for divorce and alimony, against Hensley, brought by his wife, Anna Hensley, wherein Handley was made a party, Handley was, on April 26, 1882, ordered to pay to Anna Hensley, on her alimony, $200, to be credited on the said judgment of John Hensley against Handley, the order directing that she have execution against Handley if the $200 was not paid in twenty days. On August 21, 1882, no execution having been

issued up to that date, Handley went to the house of Anna Hensley, (then Anna Burnett,) in Douglas county, and made an arrangement with her in respect to her decree against him, which resulted in the giving of the following receipt, signed by herself and her then husband:

"Received, Charleston, Illinois, August 21, 1882, of John T. Handley, the sum of $204, in full of amount awarded in my favor, and against John T. Handley, in case of Anna Hensley *vs.* John Hensley and John T. Handley."

—Which receipt was taken that day or the next to the clerk of the circuit court of Coles county, in which court the decree was rendered, and was by the clerk pasted in the judgment docket. Henry A. Neal acted as Mrs. Hensley's solicitor in the foregoing proceedings in her favor against John Hensley and Handley. On seeing this receipt, Neal wrote to Mrs. Hensley, and in reply was informed by her that Handley had paid her $140, and was to pay all costs and fees due on the decree, and stand in her shoes, saying, "he must pay you according to our trade." On September 5, 1882, Neal had execution issued on the decree of Anna Hensley against Handley, for $200, and $1.95 costs of the suit, and credited the execution with $140. On October 6, 1882, the sheriff, under the execution, sold to Neal eighty acres of Handley's land, described in the bill, for $75.48, one forty of which was worth $800, and the other forty $1600, and on January 18, 1884, the sheriff made a deed of the land to Neal. Neither Anna Hensley nor any other person had ever intimated to Handley that there was any dissatisfaction on the part of Mrs. Hensley, or any one else, on account of the settlement she had made with him, and the first knowledge he had that an execution had been issued, or that his land had been sold, was after the time of redemption had expired, and a short time before the deed was made. The execution was issued without the knowledge or authority of Mrs. Hensley, and she knew nothing of it until

after the deed had been made to Neal. Before the bill was filed, Neal offered to quitclaim the land to Handley upon payment of the amount for which it was bid in, with accrued interest thereon, but Handley declined the offer. This was the sale and deed the bill asked to have set aside. The circuit court decreed the relief sought, and this appeal is prosecuted to reverse the decree.

Messrs. DUNN & CONNOLLY, and Mr. T. STODDERT, Jr., for the appellant:

While Mrs. Burnett might have satisfied the judgment for less than the full amount, she did not pretend to do so, and the law is well settled that the payment of a less sum can not be pleaded in satisfaction of a larger. *Kingsley* v. *Kingsley*, 20 Ill. 208; *Titsworth* v. *Hyde*, 54 id. 386; *Dowe* v. *Hatcher*, 10 A. & E. 121; *Fitch* v. *Sutton*, 5 East, 230; *Ryan* v. *Ward*, 48 N. Y. 204; *Harriman* v. *Harriman*, 12 Gray, 341.

The judgment not in fact being satisfied, and the receipt not purporting to be a satisfaction, an execution might properly issue without first setting aside the receipt. *Seymour* v. *Haines*, 104 Ill. 557; *De Clerq* v. *Jackson*, 103 id. 661.

The attorney had full authority of law to collect the judgment of his client, and to order execution for that purpose. *Nolan* v. *Jackson*, 16 Ill. 272; *Trumbull* v. *Nicholson*, 27 id. 149; *Custer* v. *Agnew*, 83 id. 194.

Messrs. W. B. & S. M. LEITCH, for the appellee:

Receipt is *prima facie* evidence of facts therein stated, and he who seeks to impeach it for fraud, or other cause, must do so by a clear preponderance of evidence. *Winchester* v. *Grosvenor*, 44 Ill. 426.

A settlement for less than the amount due, is binding. 6 Wis. 175.

A judgment creditor having satisfied her judgment by receipt, could not have execution issued, even though not bind-

ing on her, until such satisfaction is set aside on proper motion and notice. *Seymour* v. *Haines*, 104 Ill. 527; Freeman on Judgments, sec. 480; *Swan* v. *Saddlemire*, 8 Wend. 676; *Lewis* v. *Palmer*, 6 id. 368; *Wood* v. *Colvin*, 2 Hill, 566; *State* v. *Salyers*, 19 Ind. 432; *Neilson* v. *Neilson*, 5 Barb. 565; *Hammett* v. *Wyman*, 9 Mass. 138; *Carpenter* v. *Stillwell*, 11 N. Y. 61; *Lovel* v. *Rowley*, 17 Ind. 36; 14 N. Y. 456.

If, for any reason, a judgment has become incapable of being enforced by execution, and an execution should still be issued, and a sale made under it, such execution and sale would be void. *Meyer* v. *Mintonye*, 106 Ill. 414; *Borders* v. *Murphy*, 78 id. 81.

Appellant purchased with full knowledge of satisfaction, and therefore has no title. *Shinkle* v. *Letcher*, 47 Ill. 216; *Morris* v. *Robey*, 73 id. 462; *Berry* v. *Lovi*, 107 id. 612; *Mixer* v. *Sibley*, 53 id. 61; *Day* v. *Graham*, 1 Gilm. 435; *Graham* v. *Day*, 4 id. 389.

Execution is void, and sale under it may and should be set aside. *Day* v. *Graham*, 1 Gilm. 435; *Sidwell* v. *Schumaker*, 99 Ill. 426; *Morris* v. *Robey*, 73 id. 462; *Fergus* v. *Woodworth*, 44 id. 374.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

There is a dispute between the parties as to what the terms of the settlement were upon which the receipt in question was given. Mrs. Burnett and her husband testify that appellee paid her $100 and a cow valued at $40, and that he agreed to pay all the costs and fees, if there were any, and stand in her shoes. On the other hand, appellee testifies that Mrs. Burnett said if he would give her $100 and the choice of his cows, she would sign the receipt; that nothing was said in regard to his paying costs or attorney's fees; that he was to do nothing but pay the $100 and let her have the cow; that Mrs. Burnett had before asked him about his cows, which he

told her were worth $40 to $60 each. He said afterwards that the price of the cows was fixed at $60. The witness York testified that he was at Mrs. Burnett's house with appellee at the time the receipt was given; that he was called in, and appellee told him that he was to pay Mrs. Burnett $100 and choice of his cows, and she was to sign a receipt in full for the judgment, and she nodded her head and said "Yes;" that that was all that was said in his presence; that he heard nothing said about appellee paying any costs or attorney fees, or standing in her shoes; that after this was said, Mrs. Burnett sat down to sign the receipt, and soon after he got up and went out. Julia A. Gilbert and James B. Handley, daughter and son of appellee, testified that they were at their father's house when Mr. and Mrs. Burnett came for the cow; that Mrs. Burnett then said she had signed a full receipt for the judgment; that she had received the money, not saying how much, and was to have choice of appellee's cows, and Mrs. Gilbert went with her to pick out the cow. Mrs. Gilbert stated, further, that Mrs. Burnett said she had paid her lawyer $25; that it was all settled now—she had got her money, and it was all settled. The uncontradicted testimony of two other disinterested witnesses was, that the value of the cow Mrs. Burnett got was $50, one of them saying he had tried to buy the cow of appellee; that he asked witness $75, and witness offered $50 for her. Appellant testified a fee of $50 was due to him from Mrs. Burnett, and $4.50 for costs paid.

It thus appears there was direct contradiction between the parties themselves as to whether or not the $100 and cow were taken in full satisfaction of the judgment. The receipt itself says that it was in full of the judgment. This was the writing which was given and taken as the evidence that the judgment had been paid, and it is only to be overcome by a clear preponderance of evidence. (*Winchester* v. *Grosvenor*, 44 Ill. 426.) From an examination of the whole evidence, we are unable to say the court was not justified in finding

that the $100 and cow were given and accepted in satisfaction of the judgment.

But even if this were so, it is contended it would not be a discharge of the judgment, inasmuch as the $100 and the value of the cow were of a less amount than the judgment, and authorities are cited upon the point that the payment of a less sum of money can not be pleaded in satisfaction of a larger sum. The doctrine of these authorities is confined to the case of the payment of, or agreement to pay, a less sum of money, merely, and does not apply to the case of the payment of a less sum of money and some other thing. The law in this respect is laid down in *Pennel's case*, 3 Coke, 238, as follows: "And it was resolved by the whole court that payment of a lesser sum on the day, in satisfaction of a greater, can not be any satisfaction for the whole, because it appears to the judges that by no possibility a lesser sum can be a satisfaction to the plaintiff for a greater sum; but the gift of a horse, hawk, robe, etc., in satisfaction, is good, for it shall be intended that a horse, hawk, or robe, etc., might be more beneficial to the plaintiff than the money, in respect of some circumstances, or otherwise the plaintiff would not have accepted it in satisfaction." And see 1 Smith's Lead. Cas. 555, in Hare & Wallace's note to *Cumber* v. *Wane*.

We can have no doubt, under the circumstances here, and so far as concerns the present case, that the receipt in evidence should be held to be a satisfaction of the judgment. It was given as such, accepted as such, and immediately delivered by appellee to the clerk of the court, and by him pasted in the judgment docket, showing the reliance of appellee upon the receipt as a satisfaction of the judgment. He was entitled to make such reliance, and to repose upon it and say the judgment was satisfied, until he had been distinctly notified of an intention not to stand to the receipt, and to enforce collection of the judgment, so that he might have governed his action accordingly. After such a notice he would have

been put upon his guard against the judgment, and might not have been exposed to the peril which he suffered in this case, of having, without knowledge on his part, $2400 worth of his property sacrificed for the payment of less than $100.

The decree will be affirmed.

*Decree affirmed.*