## WASHINGTON C. WEAR
### v.
## CORNELIUS DUKE AND GEORGE KINGAN.

*Receipt—Parol Evidence to Overcome—Instructions.*

1. In an action to recover a balance claimed on an account, it is *held:* That an instruction concerning parol evidence to overcome a receipt in full, was not erroneous; that there was no substantial error in the other instructions given; and that the evidence sustains the verdict for the plaintiff.

2. The appellant can not complain of an instruction given for the appellee, which is substantially like an instruction given at his request.

[Opinion filed June 20, 1887.]

APPEAL from the Circuit Court of Peoria County; the Hon. S. S. PAGE, Judge, presiding.

Messrs. PUTERBAUGH & PUTERBAUGH, for appellant.

Mr. ISAAC C. EDWARDS, for appellees.

*Per Curiam.* This suit was commenced before a Justice of the Peace by appellees to recover an alleged balance on ditching and tiling account. The defense was, that the account had been settled in full, and a receipt was introduced in evidence on the trial of the cause in the Circuit Court, to which it had been appealed, signed by appellees, and reads : " Received of W. C. Wear, $90.75, in full of all ditching to date." The appellees maintained and so testified, that the receipt was given under a mistake and that it was not intended to give a receipt in full of the entire account; that it was only intended to sign a receipt for the sum therein specified in order to show how much money they had received on account, and that there was a balance due.

The jury found a verdict for appellees for $16.35, upon which judgment was rendered. The main point of objection to the verdict is that the court improperly instructed the jury

as to the *quantum* of evidence that was required to overcome the receipt in evidence, the court instructing that, while the receipt was *prima facie* evidence of a settlement, still it might be explained by parol evidence, and if the jury believed from the evidence in the case that at the time of signing of such receipt it was, by all the parties thereto, not intended to be a full settlement, but simply and only a receipt for the money received, then appellees could go behind the receipt and would be entitled to recover if, etc., the evidence showed anything due. It is contended that in order to overcome the receipt the proof should be "convincing," as was held in Winchester v. Grosvenor, 44 Ill. 425, or the receipt overcome by a "clear preponderance of the evidence," as was held in Neal v. Handley, 116 Ill. 418, whereas the receipt was held by the court to only make a *prima facie* case; and it is argued the instruction might be held to only require the receipt to be overcome by a preponderance of the evidence. But by reference to the instruction, it will be seen that it does not direct the jury as to the *quantum* of evidence required to overcome the *prima facie* case made by the receipt.

Again by reference to the second of the defendant's given instructions, it will be seen that appellant held the law to be that a receipt in full of all claims might be overcome as to any item not intended to be included in it by a "preponderance of the evidence that some matter or item of claim was omitted by mistake of the parties or by fraud of the person taking the receipt."

Here it is contended by appellees that not all the items for ditching were intended to be included in the receipt; that certain portions were left out, and that it was given in full for ditching by mutual mistake.

It appears that the appellant's own instruction as to the law, which he requested the court to give, was clearer and more explicit as to the *quantum* of evidence required than that of appellees.

Having procured the giving of the instruction as to the law, he can not be allowed to come into this court and assign for error the giving of instructions holding the law to be the

same as he himself admitted it to be by his own instruction.

As to the question of accord and satisfaction, the appellant has nothing to complain of because the court gave his instruction on that point.

The verdict seems to be sufficiently supported by the evidence in the case. The fact that the court omitted to repeat in every clause of the appellee's third instruction, that the jury must find "*from the evidence*" is not sufficient error, if error at all, to reverse. The jury could not have been led to suppose they might find from anything but the evidence.

There being no error, the judgment is affirmed.

*Judgment affirmed.*