SMITH & KEATING IMPLEMENT COMPANY, Plaintiff in
Error, v. JAMES W. THURMAN, Garnishee,
etc., Defendant in Error.

Kansas City Court of Appeals, February 6, 1888.

1. MORTGAGE — DEFINITION OF — DISTINCTION BETWEEN MORTGAGE
DEED AND THAT OF ASSIGNMENT—CASE ADJUDGED.—A mortgage is
a conveyance of an estate by way of pledge for the security of a
debt, to become void upon payment of it; or a conditional convey-
ance of land as security for the payment of money, the fulfilment
of some contract, or performance of some other act, and to be void
on such payment or performance. The distinction between a deed
of assignment and a mortgage or deed of trust is, that the former
is an absolute transfer, to sell and pay at all events, by which the
grantor finally parts with his property, and it is alienated as well
from his creditors as from himself, while the latter is a mere pledge
which may be to a small amount, and the estate of the grantor is
not divested. *Held*, that, tested by these rules, the instrument in
question here is clearly a deed of trust.

2. ACTION—REMEDY OF PARTY ATTACKING PARTIAL ASSIGNMENT.—In
the case of attacking a partial assignment the remedy would be to
have the instrument executed as a deed of assignment for the
benefit of all the creditors, and not to resort to the process of gar-
nishment, which seeks to defeat the operation of the general assign-
ment by appropriating the fund to the payment of a debt to the
exclusion, *pari passu*, of the other creditors.

3. DEED OF TRUST—PROVISIONS AS TO SALE BY TRUSTEE WITH CONSENT
OF GRANTOR AND CREDITORS—CASE ADJUDGED.—A conveyance to a
trustee for the benefit of certain named creditors of the grantors,
providing that the trustee might make a sale of the stock of goods
conveyed in bulk, if desired, and upon such terms and credit as
might be assented to by the grantor and a majority in interest of
the secured creditors, is not vitiated by such provision.

4. ———— PROVISION THAT AFTER PAYMENT OF DEBT AND COSTS RESIDUE
SHALL BE PAID OVER TO GRANTOR—CASE ADJUDGED.—Nor is a
provision in such a deed, "that, after satisfaction of the debts
named and the payment of the costs attending the administration
of the trust, the trustee shall pay over the residue to the grantor,"
invalid. The provision is precisely what the law, in the absence
of any such stipulation, would do.

ERROR to Dade Circuit Court, HON. CHARLES G. BURTON, Judge.

*Affirmed.*

The case and facts are stated in the opinion of the court.

JOHNSON & LUCAS, for the plaintiff in error.

I. An insolvent debtor cannot, under pretense of paying his debts, assign more property than is reasonably sufficient for that purpose. *McNichol v. Richter*, 13 Mo. App. 515. How much stronger is the rule when, as in this case, he assigns all his property. All the cases limit the right to prefer creditors, with the qualification that he convey a reasonable amount of property. *Ames v. Gilmore*, 59 Mo. 537. And a very clear enunciation of this doctrine is to be found in *Goddard v. Jones*, 78 Mo. 520.

II. In order to make a mortgage void it is not necessary that the parties thereto should have combined and confederated together to defraud creditors of the mortgageor. *State ex rel. v. Haveret*, 2 Mo. App. 295. In *Bank v. Hughes*, 10 Mo. App. 7, the court holds that a deed of assignment, which recites that the assets of the assignor are three times greater than his liabilities, and which clothes the assignee with great discretionary power, is voidable, as tending to hinder and delay creditors. A careful examination of this deed will show the same open to objections cited in the above case. *State ex rel. v. Mueller*, 10 Mo. App. 90, 91; *Catoe v. Collins*, 2 Mo. App. 234; *Bigelow v. Stringer*, 40 Mo. 195, and cases cited.

MANN & TALBOTT, and THURMAN, WRAY & STEPHENS, for the defendant in error.

I. The instrument in writing read in evidence is a deed of trust. A conveyance in trust for the purpose of securing the payment of a debt, subject to a condition of

defeasance, is a deed of trust in the nature of a mortgage and not an assignment. *Crow v. Beardsley*, 68 Mo. 435 ; *State ex rel. v. Cooper*, 79 Mo. 464.

II.   A debtor has the unquestioned right to prefer creditors ; to pay one or more to the entire exclusion of others. *State to use v. Laurie*, 1 Mo. App. 371; *Kuykendall v. McDonald*, 15 Mo. 416 ; *Gates v. LaBeaume*, 19 Mo. 17 ; *Farrister v. Moore*, 77 Mo. 651 ; Bump on Fraud. Conv. 396, and cases cited.

III.   While the preference may be made by absolute sale of sufficient property reasonably necessary to pay the debt of a creditor, the ordinary means employed for that purpose is by giving a security in the nature of a mortgage and deed of trust. *State ex rel. v. Cooper*, 79 Mo. 464 ; *Crow v. Beardsley*, 68 Mo. 435 ; *Hewson v. Tootle*, 72 Mo. 632 ; *Metzger v. Graham*, 57 Mo. 404.

IV.   A conveyance to or for the benefit of a creditor, paying or securing the payment of an honest debt, although intended by the debtor to hinder and delay his creditors, and that fact is known to the creditor receiving the benefit, is nevertheless valid and binding, unless the beneficiary participated in the fraud. *Kendall v. Baltis*, 26 Mo. App. 411 ; *Albert v. Besel*, 88 Mo. 150 ; *Shelley v. Boothe*, 73 Mo. 74.

V.   Diligence of a creditor in securing or collecting an honest debt, although it may actually deprive other creditors of the means of collecting their debts, equally honest, is not fraudulent or a subject of just criticism. Bump on Fraud. Conv. 397.

VI.   The grantor in a deed of trust, made to secure a part of his creditors, may, in conjunction with a majority in interest of the beneficiaries, stipulate how the trustee shall sell the goods conveyed, and may provide that he shall not sell the goods in bulk or upon credit unless assented to by the grantor and a majority of the beneficiaries, and such stipulation in the deed of trust will not render it void. *State ex rel. v. Cooper*, 79 Mo. 464.

VII. Fraud will not be presumed, and when a transaction is consistent with honesty and fair dealing, that construction will be placed upon it. Courts do not presume .deeds void upon conjecture only. *Voorhis v. Lansdorf*, 31 Mo. 451; *Weber v. Armstrong*, 70 Mo. 217; *Hewson v. Tootle*, 72 Mo. 632; *Rumbolds v. Parr*, 51 Mo. 592; *Ames v. Gilmore*, 59 Mo. 543.

VIII. Notwithstanding a mortgage of personal property is void upon its face, if the possession of the mortgaged property be delivered to the beneficiary, or some one for him, and the property sold with the honest intention of applying the proceeds to discharge the debt for which the mortgage was made, such transfer of possession and sale is valid and passes title as against creditors who did not have a lien prior to the transfer of possession. *Greeley v. Reading*, 74 Mo. 309; *Nash v. Norment*, 5 Mo. App. 545; *Dobyns v. Meyer*, 20 Mo. App. 66; *Wood & Co. v. Hull*, 23 Mo. App. 110; *Petring v. Dry Goods Co.*, 3 S. W. Rep. 405.

PHILIPS, P. J.—The question presented by this writ of error involves the validity of a deed of trust made by John A. Thurman, of date October 5, 1885, to one J. L. Wetzel, as trustee, for the benefit of certain named creditors. The property conveyed consists of certain real estate situated in Dade and Jasper counties, and a stock of dry goods, furniture, etc., in a certain storehouse in the town of Greenfield, and "one iron fellow and one Bain wagon." The instrument sets out the names of the preferred creditors, and the sums respectively owing them by Thurman. The deed contains the provision that the trustee shall take immediate possession of the property, and proceed to sell the personal property for such sum, at retail, as his judgment may approve; and giving him the right, also, to sell the same in bulk with the assent of the grantor and a majority of the beneficiaries, at such price as may be specified in the written assent. It also provides for a sale of the real estate at public auction, at the court-

house door in Greenfield, after giving fifteen days' notice by publication, etc.

The plaintiff being a creditor of said Thurman, not named as beneficiary in said deed, obtained judgment against Thurman, and on execution issued thereon, summoned James W. Thurman, a purchaser of a part of these goods under sale made by the trustee, as garnishee. The denial of the answer made by the garnishee to the interrogatories exhibited by plaintiff, charged fraud in the making of said deed, and denied its validity. There was no evidence of fraud in fact. Nor was there any question made at the trial as to the *bona fides* of the debts secured by the deed. Neither was there any proof tending to show that the purchase of part of the goods by the garnishee from the trustee was collusive between the garnishee and the debtor. The trustee took immediate possession of the property.

I. The first contention of the plaintiff is, that the instrument is in law a deed of assignment. This is based upon the phraseology of the instrument itself, and the assumption that the property covered by the deed embraced all the property of the debtor. It is not essential to the disposition of this case to consider the question whether an instrument, in due form of a deed of trust or mortgage, which conveys all the property of the grantor for the benefit of only a part of the creditors of the debtor, operates under our statute as a deed of assignment. The deed on its face does not purport to convey all the property of the grantor ; and there was no evidence offered at the trial to show that it contained all the property belonging to the debtor. On its face the instrument possesses the distinguishing qualities of a deed of trust or mortgage. A mortgage is a conveyance of an estate by way of pledge for the security of a debt, to become void upon payment of it, or a conditional conveyance of land designed as security for the payment of money, the fulfilment of some contract, or performance of some other act, and to be void upon such

payment or performance. 1 Hill on Mort. 3, 4. The distinction between a deed of assignment and a mortgage or deed of trust is, that the former is an absolute transfer, to sell and pay, at all events, by which the grantor finally parts with his property, and it is alienated as well from his creditors as from himself; while the latter is a mere pledge, which may be to a small amount, and the estate of the grantor is not divested. Burr on Assignments, 33, 34, 35; *Worden v. Babcock*, 2 Met. 104; *Henshaw v. Sumner*, 23 Pick. 446; *Ridgeway v. Stewart*, 4 Watts & Serg. 392; *State to use v. Benoist*, 37 Mo. 508. The distinction is, that an assignment "is a conveyance to a trustee for the purpose of raising funds to pay a debt, while a deed of trust in the nature of a mortgage is a conveyance in trust for the purpose of securing a debt subject to a condition of defeasance." *Crow v. Beardsley*, 68 Mo. 438. Tested by these rules, the instrument in question is clearly a deed of trust. And even if it could be held to be a deed of assignment, the plaintiff's action would fail, as his remedy would be to have the instrument executed as a deed of assignment for the benefit of all the creditors, and not to resort to the process of garnishment, by which plaintiff seeks to defeat the operation of the general assignment, by appropriating the fund to the payment of its debts to the exclusion, *pari passu*, of the other creditors. *Crow v. Beardsley*, 68 Mo. 437, 438; *Douglass v. Cissna*, 17 Mo. App. 45.

II. It is next insisted, that if the instrument is to be construed as a deed of trust, it is void on its face (1) because it conveys more property than was necessary to satisfy the debts named, to-wit, all the debtor's property; and (2) because it purports on its face to be for the benefit of the grantor.

(1) As to the first objection, it is enough to say, there is no evidence whatever to show the value of the property conveyed, whether greater or less than the amount of the debts specified. It appears from the deed itself that a part of the property was already

subject to a prior mortgage for a debt of fourteen hundred dollars. The amount of the sale made to het garnishee, or his vendor, was eleven hundred dollars, less than the amount of the debts named.

(2)  The principal objection to the deed is the clause which required the assent of the grantor, with that of two-thirds of the creditors named, to any sale in bulk of the goods.  It is held in *State ex rel. v. Cooper*, 79 Mo. 464, that such a provision in a deed of trust did not vitiate it.

III.  It is further claimed that the deed is bad on its face, because it provides that, after satisfaction of the debts named, and the payment of the costs attending the administration of the trust, the trustee shall pay over the residue to the grantor.  This does not invalidate the deed ; "for that is precisely what the law, in the absence of any such stipulation, would do." *Douglass v. Cissna*, 17 Mo. App.  56 ; *Richard v. Levins.* 16 Mo.  598, 599 ; *Johnson, v. McAllister*, 30 Mo. 327 ; Wait on Fraud. Con., sec. 327.

Discovering no error in this record, the judgment is, with the concurrence of the other judges, affirmed.