WILLIAM H. TITCOMB *vs.* JOHN MCALLISTER.

Knox. Opinion March 19, 1889.

*Surety. Contribution. Payment. Presumption rebutted. Application of indemnity.*

The presumption that the taking of a note for a pre-existing debt is a payment of the debt, is rebutted by the fact that the creditor held security, which he did not relinquish, upon the taking of the note.

A co-surety upon a note, who takes security from the promisor to indemnify himself against his suretyship, and also for an accommodation indorsement of a previous note for the same maker, is not bound to share his security with his co-surety, so long as it is insufficient to indemnify him for the first indorsement.

Such co-surety should apply his security to his indemnity as of the date when the same has been reduced by him to cash.

Where the plaintiff thus held security which was insufficient to indemnify him against his prior indorsement, *it was held,* that he might recover of the defendant, as his co-surety, one half of the amount which he had paid on their joint suretyship with interest.[*]

ON REPORT. The law court were to render such judgment as the law and facts required. The action was assumpsit to recover of the defendant the sum paid out by the plaintiff upon a note,

---

[*]*Titcomb* v. *McAllister,* 77 Maine, 353.

upon which they both were accommodation indorsers. The note was for $1600, payable to Alfred Sleeper, signed by Williams & Dean, but not indorsed by the payee. The defendant was the first, and plaintiff the second indorser. Plaintiff paid October 24, 1879, $1,800.81 to discharge the judgment recovered by Sleeper against the parties on the note.

*C. E. Littlefield*, for plaintiff.

Plaintiff and defendant not co-sureties.

From the order of their names on the back of the note, legal presumption is that the parties assumed the conditional liability of successive indorsers. *Coolidge* v. *Wiggin*, 62 Maine, 568; *McDonald* v. *Magruder*, 3 Pet. 470, approved in *Phillips* v. *Preston*, 5 How. 288; *McCarty* v. *Roots*, 21 How. 432; and *Coolidge* v. *Wiggin*, *supra*.

Plaintiff not estopped by allegations of a co-suretyship in his equity suit. They were allegations only of legal inferences, and not of fact. That record is not in this suit, and not admissible. Whart. Ev., § 1119. Understanding of parties after their responsibilities become fixed by law can not determine their legal rights. They may view the law differently. No evidence of any agreement or understanding at time of indorsement. Question of co-suretyship in equity suit not in issue there.

Plaintiff's right to be reimbursed, from mortgaged property, for insurance, taxes and money expended to preserve the property: Jones Mort., §§ 1126, 1135, 1137; *Ruby* v. *Religious Soc.* 15 Maine, 306; *Starrett* v. *Barber*, 20 Id. 457; *Sparhawk* v. *Wills*, 5 Gray, 423; *Woodward* v. *Phillips*, 14 Id. 132.

Interest on disbursements from time of payment: *French* v. *French*, 126 Mass. 360.

Plaintiff, then being defendant's creditor, defendant must first pay the secured debts, if he desires to receive the benefit of the security. Story Prom. Notes, § 281; Daniel Neg. Inst., vol. 2, p. 324; 1 Story Eq. Jur., § 499; *Richardson* v. *Bank*, 3 Met. 536, 541; *Bank* v. *Wood*, 71 N. Y. 412.

If parties are co-sureties, same rule applies and first note must be paid, before applying balance of proceeds to second note. Parties sharing in security must all be liable for same debt, and

for which it was given.   Defendant not liable on first note.
Order of appropriation:   *Wilcox* v. *Bank*, 7 Allen, 270; *Fare-
brother* v. *Wodehouse*, 23 Barb. 18; *Brown* v. *Ray*, 18 N. H. 104;
*McCune* v. *Belt*, 45 Mo. 124.

*J. E. Hanly*, for defendant.

Parties were joint promisors, and sureties, and not indorsers.
*Woodman* v. *Boothby*, 66 Maine, 389, and cases cited.

*Titcomb* v. *McAllister*, 77 Maine, 353, decides these parties are
co-sureties.   Plaintiff must account with defendant for his security.
*Scribner* v. *Adams*, 73 Maine, 541, and cases there cited.   Action
for contribution founded on purely equitable principles.   *Mason*
v. *Lord*, 20 Pick. 447.   Co-sureties entitled to share equally in
indemnity received by either, directly or indirectly.   *Schaeffer*
v. *Clendenin*, 100 Pa. St. 565.   Bound to exercise good faith to
each other.   L. C. Eq., vol. 1, p. 162.   Security taken for benefit
of all, equity will treat surety as trustee for all.   L. C. Eq., *supra*,
and cases cited.

Grounds of accountability; also neglect, and misconduct:   L.
C. Eq., vol. 1, p. 163, and cases cited; Rand. Com. Paper, vol. 2,
p. 425; *Bank* v. *Henniger*, 105 Pa. St. 496; Am. L. C., vol. 2,
p. 355; *Chilton* v. *Chapman*, 13 Mo. 470; *Tutor* v. *Pierce*, 11 B.
Mon. 399; Fells Law Guar. & Surety, p. 299; *Torrance* v. *Cook*,
63 Ga. 598; *Rollins* v. *Taber*, 25 Maine, 144.

Merits :   Plaintiff has converted security to his own use, thereby
releasing defendant as co-surety.   First note was paid June 1877.
New note taken, with no agreement by which presumption of
payment was done away.

HASKELL. J.   The plaintiff, being accommodation indorser
upon a demand note for $1000, became co-surety with the defend-
ant upon another demand note, of the same promisors, for $1600;
and, to secure himself on both notes, the plaintiff took from the
makers of them a mortgage of one-sixteenth of the barkentine
Addie E. Sleeper, conditioned to re-transfer the security upon
payment of both notes.   *Titcomb* v. *McAllister*, 77 Maine, 353.

It is claimed that a renewal of the first note since the mortgage

was given operated as payment, and relieved the security from any lien on account of it.

By the renewal, the plaintiff's liability was not changed. He continued holden for the same debt after the renewal, as before; and needed the security as much then, as when he obtained it. The giving of a promissory note for an existing debt is, *prima facie*, payment of it; but the presumption is rebutted, when the creditor holds security; as the mere taking of a debtor's note shows the want of sufficient motive, by the creditor, to forego his security. He cannot be presumed to have intended action, so prejudicial to his interest. *Bunker* v. *Barron*, 79 Maine, 62.

It is next contended that the security should be applied to both notes *pro rata;* and certain admissions of the plaintiff are relied upon to work out that result.

The mortgage recites: "I have this day received a bill of sale &c., as collateral security for the payment of said two notes." The admissions amount to no more than that the plaintiff believed the security sufficient to save him harmless from both notes. He took the security primarily for his own benefit. The defendant has no right to it by contract; but only such equity as works equality among those of equal merit. This is not wholly the case of a surety who, gaining security for the debt, is held in equity to share it with his co-sureties, by applying it to the debt as far as it will go. It is the case of one attempting to indemnify himself from liability incurred for another's accommodation; and it would be inequitable and unjust to strip the plaintiff of his security for signing the first note, and compel him to share it with the defendant, as if a co-surety upon both notes.

By the payment of both notes, the plaintiff became the creditor of the makers of them, and of the defendant, for his moiety of the last one. The plaintiff then held his debtor's property to secure several debts, upon one of which the defendant was liable as surety. Can a surety compel the creditor to apply security, taken from the debtor to secure several debts, to that debt upon which the surety is liable, in preference to the other debts, or to apply it *pro rata* upon all of them? In *Wilcox* v. *Fairhaven Bank*, 7 Allen, 270, the court held that he could not. The doctrines

there laid down are decisive of this point in the case at bar.   The plaintiff may first apply his security to the first note.

The plaintiff had received the income of the security for several years prior to June 20,1885, when it was wholly converted into cash, by the payment of insurance for a total loss.   Then the security changed its character, and became cash in the hands of the plaintiff, for which he is held to account.   The net amount received by the plaintiff including interest to June 30, 1885 was $778.53. The amount that he paid upon the first note with interest to that date was $1264.33, a sum larger than that received from the security, so that nothing remained to be applied to the last note, and the defendant is liable to pay one-half of it.

It is contended that the plaintiff so dealt with his security as to have become guilty of its conversion, and then liable for its value ; but the evidence does not warrant a conclusion of that sort.   No bad faith appears on his part; nor is he shown to have conducted unlawfully in regard to it.   The defendant did not offer to redeem the security from the plaintiff and has no reason to complain of his management in the premises.

The plaintiff paid, Oct. 24, 1879, $1800.80 upon the note, whereon the defendant was his co-surety.

*Judgment for plaintiff for $900.40 with*
*interest from October* 24, 1879.

PETERS, C. J., WALTON, DANFORTH, VIRGIN and EMERY, JJ., concurred.