**WALLING, Administrator of Wage & Hour Division, United States Department of Labor, v. ACOSTA.**

No. 3929.

Circuit Court of Appeals, First Circuit.

Feb. 21, 1944.

---

Archibald Cox, Associate Sol., Douglas B. Maggs, Sol., Bessie Margolin, Asst. Sol., George W. Kretzinger, Jr., Regional Atty., and Morton Liftin and Frederick U. Reel, Attys., United States Department of Labor, all of Washington, D. C., for appellant.

B. F. Sanchez Castano, of San Juan, P. R., for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

MAHONEY, Circuit Judge.

This is an appeal from an order discharging the rule to show cause why the appellee should not be adjudged guilty of contempt. A judgment had been entered by consent in the court below pursuant to a stipulation made between the parties against the appellee and sixty-six other persons in the needlework industry enjoining them, their agents and servants, from violating any of the provisions of the Fair Labor Standards Act of 1938, 52 Stat. 1060, c. 676, 29 U.S.C.A. § 201 et seq. Subsequently the appellant filed in the lower court an application for adjudication in contempt in which he alleged that the appellee had violated the terms of the judgment and prayed that he be required to show cause why he should not be adjudged guilty of contempt.

At a pre-trial conference the appellee stated that he was willing to sign a consent judgment but that he was not guilty of any violations of the law or of the injunction.

The court refused to enter a decree and advised him to obtain a lawyer. Later he returned with a lawyer. The latter stated that the respondent was responsible for the violations of the Act committed in the shop which had been managed by Mrs. Juana Marti; that an employer-employee relationship existed between appellee and Mrs. Marti and the workers in the shop; that Mrs. Marti was not an independent contractor, and the attorney said he was willing to dispose of the case by a consent judgment. But the judge advised the attorney to file a return to the petition and suggested that he obtain an affidavit from Juana Marti as to the manner in which she obtained work from the appellee and the manner in which she was paid.

At the trial the judge made it clear that he was satisfied that appellee was the employer and indicated he would hear evidence only on the question of violations of the injunction. He said: "The fact is as I understand it that he (the appellee) undertook to pay the workers who worked in this plant and the woman who managed it got a commission * * *. At first when the matter came before me in the pretrial conference I think I was disposed to criticize the Wage and Hour Division for bringing this case but later your client stated that he had told this woman to pay the workers so much and he reimbursed her for it and paid her a commission for doing the work and if that does not make them his employees I don't know how you could establish that relation." Mr. Sanchez: (Attorney for appellee) "But suppose your honor concludes she was an agent—" The Court: "That is what I do * * *. The defendant in the affidavit which is part of the return states what the conditions and relations were and I say from that I conclude this woman was his agent, using her shop but doing the work for him and he paid the labor." Finally the court said: "Here is what I am going into and that is all: was there a failure to pay the minimum wage of twelve and a half cents an hour. And that is all."

As a result of these statements by the judge it was clear that the appellant could only understand that the judge was satisfied that the appellee was the employer and that appellant was not to put in evidence on that point. In discharging the rule to show cause the judge entered an order that the testimony failed to show that the appellee was the employer and said: "This finding is conclusive of the proceeding."

894

Appellant maintains that he was prepared at the hearing before the trial court to introduce evidence establishing an employer-employee relationship between the appellee and employees in the shop where the alleged violations occurred. After the judge had openly stated in three or four instances that he was satisfied that the appellee was the employer and that he would not go into evidence on that question, it was error for him to find that the testimony failed to show that the appellee was the employer. Cf. Missouri American Electric Co. v. Hamilton-Brown Shoe Co., 8 Cir., 1908, 165 F. 283; Paine v. St. Paul Union Stockyards Co., 8 Cir., 1928, 28 F.2d 463. The appellant must be given the opportunity to present evidence on this point.

Apart from this question of the employer-employee relationship, the trial judge made no finding as to whether or not there was any violation of the minimum wage provision of the injunction. There are no adequate findings on which to base a decision whether goods produced under substandard conditions were shipped in commerce in contravention of paragraphs 5 and 6 of the consent judgment which were based on Section 15(a)(1) of the Act. Under that section the appellee could be guilty of violating the injunction even though the workers were not his employees. United States v. Darby, 1941, 312 U.S. 100, 112–117, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430; Southern Advance Bag & Paper Co. v. United States, 5 Cir., 1943, 133 F.2d 449. The district court should also make a finding on this issue.

The decision of the District Court is vacated and the case is remanded to that court for further proceedings not inconsistent with this opinion.