31 447
37 278
39 366
31 447
51 542
31 447
68 296

---

PHILO L. MILLS *et al.*, Respondents, v. J. V. WILLIAMS *et al.*, Appellants.

Kansas City Court of Appeals, June 13, 1888.

1. CONTRACT—CHARACTER OF INSTRUMENT IN CONTROVERSY—CASE ADJUDGED.—The court, after a brief discussion of the terms and provisions of the instrument in controversy here, as to its legal effect, concludes that it possesses the qualities and characteristics of a conveyance in trust to pay debts, rather than that of a conveyance as a security for debts ; that it is a deed of assignment and not a mortgage.

2. Assignment—Essential Qualities of a Deed of—Qualities of Mortgage.—The essential qualities of a deed of assignment are, that it is a transfer of property by a debtor, supposed to be in insolvent circumstances, to an assignee, in trust, to apply the same to the payment of debts. The title of the property passes, eo instanti, to the trustee ; it is divested out of the debtor, without any equity of redemption. The trustee takes it, however, subject to the uses of the creditors. A mortgage is conditional and defeasible, and is a pledge of property as security for the payment of money or the performance of some other act.

Appeal from Audrain Circuit Court, Hon. E. M. Hughes, Judge.

Affirmed.

Motion for rehearing denied.

Statement of case by the court.

This is a proceeding in equity to have a certain instrument of writing declared a deed of assignment for the benefit of creditors, and to enjoin the trustee from executing the same as a chattel mortgage, and for other relief. The facts are as follows : On the twenty-eighth day of July, 1886, Martha E. Botts, a feme sole, was engaged in a general mercantile business at Mexico, Missouri. Becoming insolvent, on that day she executed the following instrument of writing, duly acknowledged and recorded :

" Know all men by these presents that I, the undersigned M. E. Botts, of Audrain county, Missouri, party of the first part, have this day, for and in consideration of the sum of [here follows an enumeration of various sums owing by her to various creditors named] do by these presents grant, bargain and sell, and convey unto the said [parties, naming them], a stock of dry goods consisting of piece-goods, notions, boots, shoes and all other merchandise, now in the store occupied by me and owned by W. H. Kennan and situated on the north side of the public square in the city of Mexico, and including show-cases, safe, and all other furniture and fixtures

in and about said store-room and owned by me, upon the following conditions :

"That, whereas, I am indebted to the above-named grantees as follows:" [setting out the names of the said creditors, and the sums respectively owing them]. The deed then continues as follows :

"Now if the said debts are paid by the sale of the goods, wares and. merchandise herein transferred, as hereinafter set forth, within ninety days from this date, this mortgage to be void."

The further conditions of this mortgage are as follows, to-wit:    "That the said grantees herein are to take immediate possession of the goods, wares and merchandise herein transferred by their agent, J. V. Williams, which said agent shall take absolute control of said property, and shall proceed to sell the same for cash at retail at not less than first cost price of any of said goods and merchandise. But it is fully understood and agreed by the parties hereto that said Williams shall have full authority to sell all of said goods at wholesale at a discount not greater than twenty per cent. on first cost price. Said Williams shall have power to advertise said goods for sale and shall keep a full and accurate account of all sales made and money received, and shall render a weekly statement for the benefit of said grantees herein of all business transacted.

"The proceeds of said sales shall be disposed of as follows :   First, the execution of this mortgage, advertising and actual running expenses of said business, including compensation to said Williams in the sum of seventy-five dollars ($75) per month, and rent for said building shall be paid. Second, the proceeds over and above said expenses shall be divided weekly *pro rata* among the grantees herein. But if at any time after taking possession of said store the sales for a period of ten days shall not exceed the expenses of said business, said Williams shall in his discretion immediately proceed to sell said goods and merchandise, after giving five days' notice, at auction by retail or wholesale.

"It is further agreed that if, at the end of ninety days from this date, all of said debts are not paid, then the said Williams shall, at the request of any of the grantees herein, after giving five days' public notice, proceed to sell said property herein conveyed, or as much as may be necessary, at auction, for cash to pay any balance due on said debts.

"Witness my hand and seal this July 28th, 1886.

[Seal]     "Martha E. Botts."

The petition alleges that the plaintiffs are creditors of said M. E. Botts, representing debts due and owing by her to them, amounting in the aggregate to about $419.93, which are not provided for in said instrument; that said deed is not operative as against them; that it is, in fact, a deed of assignment, attempting to prefer the named creditors contrary to the provisions of the statute concerning deeds of assignment; praying that said Williams be enjoined from paying out the funds in his hands as therein provided; that said deed be adjudged a deed of assignment, and executed accordingly, so that the said property, or the proceeds thereof, may be distributed *pro rata* among all the creditors of said M. E. Botts, and for proper relief.

The answer, after setting forth the said deed, alleged:

"That the said agent, J. V. Williams, proceeded to take charge of said goods, to sell them in accordance with the terms of said mortgage, and otherwise perform his duties under said mortgage, and was in the due discharge of the same when enjoined in this proceeding. Defendants allege that the statement of said debts, as made in said mortgage, is a true exhibit of the indebtedness of M. E. Botts to said defendants, and that said mortgage was given in good faith to pay the same. Defendants deny that said mortgage is a voluntary assignment, as alleged by plaintiffs, and deny each and every other allegation in said petition set forth."

At the trial, the plaintiffs, against the objection of

defendants, introduced evidence which tended to show that said M. E. Botts owed the debts mentioned in the deed, as also the sums of money claimed by plaintiffs; that the goods conveyed were estimated to be of greater value than the debts named therein; that the aggregate amount of the debts enumerated in the deed was about forty-five hundred dollars, and that said Botts owned very little, if any, other property subject to execution.

The court stated, at the time this evidence was offered, that, as the cause was being heard by the court, he would hear the evidence, and pass upon its admissibility afterwards. There is nothing in the record to show that the court afterwards excluded it. The court found the issues for the plaintiffs, adjudging the instrument to be in effect a deed of assignment for the benefit of creditors, and directing the said Williams to give bond, and to proceed to execute the trust, and distribute the proceeds of the property in his hands pursuant to the provisions of the statute respecting assignments for the benefit of creditors. Defendants have appealed.

F. C. BRYAN, GEO. ROBERTSON, P. R. JESSE, J. G. TRIMBLE, and S. M. EDWARDS, for the appellants.

I. The admission of the oral testimony was error, because it was incompetent. It did not prove anything, and should have been excluded.

II. The instrument executed by Mrs. Botts is a mortgage. A mortgage is an instrument in writing in the nature of an absolute sale—with a condition. Herman Chat. Mort., sec. 18; Bouvier's Law Dict., title Mortgage. Generally speaking, whenever a transaction resolves itself into a security for a debt, it is a mortgage. The Law of Mortgages (Boone) sec. 1; *Wilnerding v. Mitchell*, 42 N. J. (Law) 476; *Lyon v. Lyon*, 67 N. Y. 250; *Reed v. Langdale*, Hardin (Ky.) 6; *Dougherty v. McColgan*, 6 Gill & J. (Md.) 275; *Peckham v. Haddock*, 36 Ill. 38; *Wilcox v. Morris*, 1 Murph. 116; 3 Am Dec. 678. The whole of the instrument will be looked to to ascertain the intent of the parties as to

whether it constitutes a mortgage. The words "we mortgage the property", when accompanied by a provision for sale in case the money secured be not paid, are sufficient to constitute a mortgage. Law of Mort. (Boone) sec. 3; *DeLeon v. Higuera*, 15 Cal. 483; *Harris v. Jones*, 83 N. C. 321. The essentials of a mortgage are : First, grantor, mortgageor ; second, consideration, *i. e.*, debt or liability of grantor to grantee ; third, grantee, mortgagee ; fourth, property or estate ; fifth, defeasance or condition. Usually mortgages contain two parts, the conveyance and the defeasance. Herman Chat. Mort., sec. 19.

III.  A debtor has the right to prefer creditors. *Henderson v. Henderson*, 55 Mo. 534 ; *Sampson v. Shaw*, 19 Mo. App. 274 ; *Shelley v. Boothe*, 73 Mo. 74 ; *Holmes v. Braidwood*, 82 Mo. 616 ; *Gage v. Perry*, 24 Cent. Law Jour. 10 ; 69 Ia. ; 29 N. W. Rep. ; *Clark v. White*, 12 Peters, 178.

IV.  The mortgagees had a right to take possession of the property, and by so doing, in good faith, any defect in the mortgage, either void or voidable, as to other creditors is cured, and the instrument becomes operative as a mortgage. *Petring v. Chrisler*, 90 Mo. 649 ; *Hansman v. Hope*, 20 Mo. App. 193.

V.  (*a*)  The instrument executed by Mrs. Botts is in perfect harmony with the law of mortgages of merchandise as declared by the decisions of this state. *Sampson v. Shaw*, 19 Mo. App. 274; *Caton v. Collins*, 2 Mo. App. 225 ; *Petring v. Chrisler, supra ; Metzer v. Graham*, 57 Mo. 404; *Webber v. Armstrong*, 70 Mo. 217; *Hewson v. Tootle*, 72 Mo. 632; *Cohran v. Cooper*, 79 Mo. 464; Rev. Stat., sec. 2503. (*b*)  At common law, in the absence of express stipulation, a mortgage gives the right to immediate possession to the mortgagee and he may recover it by suit. Law of Mortgages (Boone) sec. 3; *Goodman v. Richardson*, 11 Mass. 479 ; *Jamison v. Bruce*, 26 Am. Dec. 557 ; *Howard v. Haughton*, 64 Me. 445. (*c*)  Although a mortgage is considered a security only, and as not passing the mortgageor's

title to the mortgagee, yet by express stipulation the mortgagee may take possession of the estate or property. *Drake v. Root*, 2 Col. 685 ; *Skinner v. Buck*, 28 Cal. 253 ; *Walker v. Johnson*, 37 Tex. 139 ; *Willis v. Moore*, 59 Tex. 628 ; *Reading v. Waterman*, 46 Mich. 107 ; *Courtney v. Carr*, 6 Iowa, 237 ; Boone Law Mort., sec. 3.

VI. A mortgageor may appoint a mortgagee as well as any other person to sell his property for the purpose of satisfying his debts. Herman Chat. Mort., sec. 213 ; *Milroy v. Farber*, 37 Mo. 71.

VII. (*a*) An insolvent may dispose of his entire estate by chattel mortgage and partial assignment to secure particular creditors, and such conveyances will not constitute a general assignment when made with the *bona-fide* intention of securing particular creditors, and not with the intention of disposing of the insolvent's estate for the benefit of creditors. *Gage v. Perry, supra.* (*b*) A conveyance to a single creditor to sell and pay his own debt, and turn over the residue to assignor has been held a chattel mortgage. *Dessar v. Field*, 99 Ind. 548 ; *Dunham v. Whitelaw*, 21 N. Y. 131 ; *Bench v. Besler*, 49 Ill. 521. (*c*) A transfer of the whole of an insolvent's estate to one or more creditors, in payment, is not a general assignment. *Harkin v. Bailey*, 43 Ala. 376 ; *Atkinson v. Jordan*, 5 Ohio, 178 ; *Milroy v. Farber*, 37 Mo. 71 ; *United States v. McClellen*, 3 Sumner (U. S. C. C.) 345. (*d*) The distinguishing features between a voluntary assignment for the benefit of creditors and a mortgage are, that in assignment the conveyance is made to a trustee, and made necessarily by an insolvent (*Ogden v. Peters*, 15 Barb. [N. Y.] 560) ; it must purport to convey all of the assignor's property. *United States v. Clark*, 1 Payne, 629 ; *United States v. Mott*, 1 Payne, 188; *Musey v. Noyes*, 26 Vt. 462 ; *Bishop v. Hart*, 28 Vt. 71. And it must purport to be for all creditors. A special or particular assignment is distinguishable from a general assignment, for the former is made directly to the creditor in payment or as

security, and in this sense a sale to pay, or a mortgage to secure a debt, may be a special assignment and not a general assignment for the benefit of all creditors. Burr. on Assign. [2 Ed.] 101. (e) One main distinction is, that a voluntary assignment is an absolute appropriation of the property conveyed to the payment of the assigno. s debts; while a mortgage is a conveyance for the purpose of securing a debt subject to a condition of defeasance. *Crow v. Beardsly*, 68 Mo. 435, and authorities there cited.

VIII. There was no testimony offered by plaintiffs that they had any debt against Mrs. Botts. The findings of the court are not sufficient upon which to base the judgment rendered. The findings as set forth in the judgment are not at all inconsistent with the claim of defendants, that the instrument executed by Mrs. Botts is a mortgage or sale to pay debts.

IX. The case of *Smith & Keating Imp. Co. v. Thurman*, 29 Mo. App. 186, is decisive of this case.

FRY & MOSBY, for the respondents.

I. The case was tried by the court with the understanding that it would exclude incompetent evidence as it made its finding. Objections to evidence not distinctly stated will not be considered. *Coughlin v. Hannesler*, 50 Mo. 126.

II. M. E. Botts was insolvent. She conveyed all her property except her homestead, which she occupied with a single daughter, and which was exempt. *Leak v. King*, 85 Mo. 413; *Davis v. Land*, 88 Mo. 436. An exception of a part of the grantor's property, "whether by accident or design, will not alter the character of the conveyance." Burrill on Assignments, 88.

III. While a debtor can prefer creditors, such preference is not looked upon with favor. Deeds of assignment are "favored by the law, and upheld by the courts." *Douglass v. Cissna*, 17 Mo. App. 60.

IV. If the instrument in question is a deed of assignment it must be for all of the debtor's creditors,

and the property assigned disposed of by the trustee and the trust executed in pursuance with the provisions of the assignment act. Rev. Stat., sec. 354. Our statutes "forbid preference in and by the instrument by which the debtor surrenders to his creditors all dominion over his property." *Simpson v. Shaw*, 19 Mo. App. 280; *Manna v. Logun*, 27 Mo. 528; *Douglass v. Cissna, supra.*

V. The real issue is whether the instrument of writing is a deed of assignment or a mortgage. (*a*) To determine this the court looks to the face of the instrument and not to the intention of the parties. "It must stand or fall by the character impressed upon its face." *Douglass v. Cissna*, 17 Mo. App. 62. "The court is bound to look to the paper itself for the intent of the instrument, and not beyond it. Even in equity an instrument must stand as written if deliberately adopted by the parties, although they mistook its legal intent." Jones on Chat. Mort., secs. 9, 10. (*b*) An assignment is an absolute conveyance of the property to a trustee for the purpose of raising funds to pay debts. It is a conveyance of the property so that the grantor loses control of it. He cannot recover it back by any act of his. It is an unconditional conveyance. Such is this deed. 1 Burrill on Assignments, 12; *Crow v. Beardsley*, 68 Mo. 438. Here it is said: "The distinction is, that an assignment is a conveyance to a trustee for the purpose of raising funds to pay a debt, while a deed of trust in the nature of a mortgage is a conveyance in trust for the purpose of securing a debt subject to a condition of defeasance." *State to use v. Benoist*, 37 Mo. 508. "It does not purport to be a security for a debt, with power to sell if the debt be not paid when due. It conveys the property absolutely to trustees to be sold for the payment of debts named and preferred in it. It is clearly a partial assignment for the benefit of creditors, and not a mortgage security. Such instruments have always been treated as assignments." *Woodruff v. Robb*, 19 Ohio, 215. "If the conveyance be made as

collateral security for the payment of money * * *
to be effectual only on the nonpayment of the money
* * * it ts a mortgage. * * * Now the difference
between a conveyance to a trustee for the purpose of
raising a fund to pay debts and a conveyance for the
purpose of securing a debt in case of the default of the
debtor, by a time limited, is very apparent. In the first
case the title is vested absolutely by the conveyance
itself in the grantee, for the purpose of the trust. The
intention of the grantor is to part absolutely with his
title. In the latter case if the grantor performs his legal
obligation according to its terms he retains his prop-
erty. His title is as perfect as if such conveyance had
never been made.'' In the deed before the court there
was no condition for the grantor to perform. She could
not pay the debts and hold the property. It was a con-
veyance to the trustee of the grantees to sell in his dis-
cretion and raise funds to pay the debts therein named.
*Sampson v. Shaw*, 19 Mo. App. 280. '' The mortgage is
conditional to secure debts and against liabilities; the
assignment is absolute to pay creditors.'' *Lampson v.
Arnold*, 19 Iowa, 481 ; *Jeffries v. Blackman*, 86 Mo. 350 ;
*Goodwin v. Kerr*, 80 Mo. 276. Here the distinction is
drawn between a deed of assignment and a sale, also a
mortgage. Appellants claim that the case of *Smith Co.
v. Thurman*, 29 Mo. App. 186, is decisive of this case.
In that case the character of the instrument was not
necessarily determined ; and so far as applicable it is
favorable to us. So also is *Douglass v. Cissna*, 17 Mo.
App. 44. After the instrument is executed no subse-
quent act of the grantor, grantees or trustee can vitiate
or affect the deed, or make it less a deed of assignment.
*Gates v. Labeaume*, 19 Mo. 17 ; *Douglass v. Cissna*, 17
Mo. App. 60 ; *Goodwin v. Kerr*, 80 Mo. 282 ; *Adler v.
Lange*, 21 Mo. App. 520.

VI. We insist that the instrument is a deed of
assignment and should be executed as such. If it is a
mortgage it is fraudulent and void in that by its terms it
protected the property in the hands of the grantees from

the claims of other creditors outside of the conveyance for an unlimited period, in that the business was to be conducted as before by the grantees' agent until closed out by the orders of the grantees. Therefore, it was in the interest of the grantor. *State to use v. Mueller*, 10 Mo. App. 88; *Bigelow v. Stringer*, 40 Mo. 195; *Wood & Co. v. Hall*, 23 Mo. App. 110.

VII. All the evidence is not presented to this court and this court will not question the finding of the lower court on the evidence as to the insolvency of the grantor and other questions of fact. The only issue presented here is whether the instrument on its face is a deed of assignment. *Spurling v. Conway*, 6 Mo. App. 284; *Berberet v. City of Edina*, 19 Mo. App. 550.

PHILIPS, P. J.—I. The chief question presented for our determination is, what is the legal character of the written instrument? Is it a bill of sale, a chattel mortgage, or a deed of assignment?

It is not a bill of sale, because no actual consideration was paid, or agreed to be paid, for the property conveyed; nor were the debts thereby extinguished, so as to irrevocably pass the title, without any condition or trust attached thereto, or any reversionary interest in the seller.

It is either a chattel mortgage, or a deed of assignment. It is made by a debtor to creditors, the consideration being the existing debts; and the conveyance is coupled with a trust to be kept and performed by the grantees, as a means of accomplishing payment of said debts; and there would, by equitable implication, arise a reversionary right in the grantor to any surplus after satisfaction of the debts out of the property conveyed.

II. In some respects this deed is unique. To define its exact character and determine whether it should be assigned to the class of chattel mortgages or deeds of assignment is by no means free from embarrassment. Viewed as a chattel mortgage, it is peculiar in many

respects. Nowhere does it, in terms, declare that it is given to secure the payment of the designated debts; nor does it provide for, nor contemplate the exercise of the right by the grantor to defeat the sale of the property conveyed by paying off the debts, otherwise than by a sale of the property; nor does it seem to anticipate that any residue might remain for the grantor; or provide for the reversion. These are certainly the usual incidents of a mortgage.

On the contrary, the debts of the grantor are only named as the consideration of the conveyance; the transfer, in terms, is absolute, with no clause of defeasance on performance by the grantor. The grantees, by designated agent, are to take immediate and absolute control and possession of the property, and proceed unconditionally to sell the same, and distribute the proceeds among the designated creditors.

It possesses, therefore, the qualities and characteristics of a conveyance in trust to pay debts, rather than a conveyance as a security for debts.

The authorities all concur in holding that one of the distinguishing characteristics of a mortgage is, that it purports to be a *security for debt*. Jones' Chat. Mort., secs. 1, 34; Jones on Mort., sec. 60; *Harris v. Jones*, 83 N. C. 321, 322, and *loc. cit.*

In *Crow v. Beardsley*, 68 Mo. 438, the language of Burrill on Assignments is approved, that an assignment is a conveyance to a trustee for the purpose of raising funds to pay a debt, while a deed of trust in the nature of a mortgage is a conveyance in trust for the purpose of *securing a debt* subject to a condition of defeasance.

So in the recent case of *Smith & Keating Implement Co. v. Thurman*, 29 Mo. App. 186, we have said: "A mortgage is a conveyance of an estate by way of a pledge, for the *security* of a debt, to become void upon payment of it, or a conditional conveyance of land designed as security for the payment of money, the fulfilment of some contract, or performance of some other act, and to be void upon such payment or performance."

III.   The essential qualities of a deed of assignment are, that it is a transfer of property by a debtor, supposed to be in insolvent circumstances, to an assignee, in trust to apply the same to the payment of debts. The object is to raise a fund to pay the debt.   The conveyance does not satisfy the claim to any extent, but merely provides a method for raising the means with which to pay.   The title of the property passes, *eo instanti*, to the trustee; it is divested out of the debtor, without any equity of redemption.   The trustee takes it, however, subject to the uses of the creditors. Authorities *supra;* Burr. on Assign., secs. 2, 4, 6.

This distinction is aptly put in *Hoffman & Co. v. MacKall*, 5 Ohio St. 130:   "There is a manifest and well-settled distinction between an unconditional deed of trust, and a mortgage or deed of trust in the nature of a mortgage.   The former is an absolute and indefeasible conveyance of the subject-matter thereof, for the purpose expressed; whereas the latter is conditional and defeasible.   A mortgage is the conveyance of an ·estate, or pledge of property, *as security* for the payment of money, or the performance of some other act, and conditioned to become void upon such payment or performance.   A deed of trust in the nature of a mortgage is a conveyance in trust by way of *security*, subject to a condition of defeasance, or redeemable at any time before the sale of the property.   *   *   *   By an absolute deed of trust, the grantor parts absolutely with the title, which rests in the grantee unconditionally, for the purpose of the trust.   The latter is a conveyance to a trustee *for the purpose of raising a fund to pay debts;* while the former is a conveyance in trust for the purpose of *securing* a debt, subject to a condition of defeasance;" citing *Woodruff v. Robb*, 19 Ohio, 216; Hill Mort. 359.   While the purpose to make a deed of assignment is better expressed by the designation of a trustee or assignee in the deed, this is not essential; but the deed may be made, as was done in this instance, to the creditors, with a designated agent of the creditors to

act in such capacity. Burr. on Assign., sec. 3, and notes 3 and 4. And while it is true that such conveyances are supposed to be made by persons in insolvent circumstances, and to transfer all the property of the grantor, it is not essential that the grantor should in fact be absolutely insolvent, provided he really believes himself to be unable to proceed in business; or that the deed should in fact cover all his property. Burr. on Assign., sec. 3, p. 6; *Mussey v. Noyes*, 26 Vt. 474. As said in the last-named case: "A general assignment must include, substantially, all a man's property; and a partial assignment must omit some substantial portion of the property, and cannot be made to rest upon a mere colorable omission. * * * If the property omitted was insignificant in amount, with reference to the whole, or if it was mainly beyond the reach of process, or of such a character as not readily to be made available, either to the creditors, or the debtor, and the great mass of the debtor's available property, which constituted the basis of his business operations, and which alone could form any reliance to himself for support, or to his creditors for payment, was included in the deed, the deed should undoubtedly be regarded as a general assignment." And this is always a matter of proof *aliunde.* 26 Vt. *supra,* 475. The evidence in this case shows that the property conveyed would bring this case within the terms of a general assignment. The conveyance actually ended the business operations of Mrs. Botts. It embraced all her available assets. The rest either constituted a homestead, or was covered by antecedent obligations to convey. She may have had some outstanding accounts, of unascertained amount. Be this as it may, our statute applies to "every voluntary assignment of lands, tenements, goods, chattels, and credits made by a debtor to any person in trust for his creditors." And it makes such conveyance, be it of all or a part of the debtor's estate, inure to the benefit of all the creditors, *pari passu. Crow v. Beardsley, supra; Douglass v. Cissna,* 17 Mo. App. 44.

IV. Tried by these tests, I cannot see how this deed can be upheld as a chattel mortgage. The mere calling it a mortgage by the draftsman could not make it such, any more than designating it an assignment could make it one. *Kohn Bros. v. Clement Co.*, 58 Ia. 593. While this might evidence the intention of the parties, and aid in the construction of a doubtful instrument, it could not prevent the operation of the expressed terms of the instrument viewed in every part. The only sentence in the deed giving any semblance to a conditional conveyance with a defeasance, is the following: "Now if the said debts are paid by the sale of the goods, etc., herein transferred, as hereinafter set forth, within ninety days from this date, this mortgage to be void." It is to be observed that this language does not contemplate that the grantor is to, or may, defeat the forfeiture and sale by discharging the debts, but the debts are to be paid by a *sale of the goods*, within ninety days. To add after this, "this mortgage to be void", is a legal solecism. For how, in law and reason, could the conveyance be void after it had operated, and the trustee thereunder had actually disposed of the property to raise the means of discharging the debts?

Any surplus remaining after paying the debts would, by operation of law, with or without any expressed provision therefor, revert to the grantor. This condition, taken in connection with those thereafter "set forth," shows that it was contemplated and intended that the whole of the goods should be sold, and the proceeds distributed among the creditors unreservedly and at all events.

V. We would not be understood as going so far in this discussion, as to hold, that if any appropriate language had been employed in the instrument to indicate that the conveyance was made as a mere pledge or security to secure the payment of the debts named, its character as a mortgage would have been destroyed, merely because it authorized the mortgagee, or trustee,

to proceed at once to sell the property. *Gage v. Chesebro*, 49 Wis. 486, 491.

That was substantially the case of *Smith Imp. Co. v. Thurman, supra,* though the fact was not so fully developed in the opinion, perhaps, as it should have been. The mortgage there expressly declared, *inter alia :* " This conveyance is made for the purpose of securing the payment of said debts." It also contained the condition : " Now, if said party of the first part shall well and truly pay and discharge said debts in full, according to the tenor and effect of said notes, at any time before any or all of said property herein conveyed shall have been disposed of by said trustee, then as to said property, or the residue thereof, this conveyance shall be void," etc.

Nothing of the sort appears in this deed. Our conclusion is, that the circuit court properly construed the instrument to operate as a deed of assignment, and to be enforced pursuant to the statute concerning assignments for the benefit of creditors.

The other judges concurring, its judgment is affirmed.

*On motion for rehearing.*

PHILIPS, P. J.—We shall make no comment on the spirit manifested in the motion for rehearing in this case. Our office is to ascertain and follow the law as we are able to understand it. We will only say that the question of law presented by the record, as to whether the deed in question was a chattel mortgage or an assignment, was an important one, and gave us much thought ; and we reached the conclusion of the opinion after the most mature consideration. Reaching the conclusion as we did, in harmony with that of the learned trial judge, that the instrument was a deed of assignment, it for all practical purposes ended this controversy.

I. The criticisms made by counsel, in their motion for rehearing, on the opinion of the court, in many

respects, are most trivial.   They go to verbal inaccura-
cies, or clerical mistakes in transferring the opinion to
the type copy, in no manner reaching or affecting the
merits.   For instance, the statement of facts is criti-
cised because it was inadvertently stated that the amount
of the plaintiff's claim against Mrs. Botts was $1,500,
instead of $419.93.   The draftsman of the statement of
facts was led into the inaccuracy by confounding the
evidence of the claim outside of the deed with the sum
of plaintiff's demand. . This, however, in no wise affects
the merits.   And the opinion will be accordingly
amended.

Again the opinion is criticised because of the cler-
ical error in the statement of facts, that the "defend-
ant, against the objection of plaintiffs, introduced"
certain evidence.   The parties were simply transposed,
and the opinion is accordingly corrected.   But how are
the defendants injured thereby ?   The answer made in
the motion for rehearing is, because the court did not
consider defendants' objection to the admissibility of
this evidence.   If, as a matter of law, as held in the
opinion, the deed on its face is a deed of assignment,
that evidence amounted to nothing one way or the other.
But it was perfectly competent for the plaintiff to intro-
duce evidence to show that, as a matter of fact, the
property covered by the conveyance embraced all the
available assets and property of the assignor, as bearing
upon the question of the intent of the party in making
the deed, or whether it was a general or partial assign-
ment.   So the opinion states, "this is always a matter
of proof *aliunde.*   27 Vt. 475."   And even had this evi-
dence been inadmissible, it would have constituted no
reversible error, for the reason, as held in the opinion,
our statute applies as well to partial as to general
assignments.

II.   Criticism is made of the opinion for the asser-
tion that the conveyance by Mrs. Botts ended her busi-
ness operations.   "It embraced all her available assets.
The rest either constituted a homestead, or was covered

by antecedent obligations to convey. She may have had some outstanding accounts of unascertained amount." These statements are fully sustained by the evidence of J. G. Trimble and W. W. Fry.

III. The observations of the court touching the fact that the instrument is not a bill of sale are criticised. We can only say that we followed in this matter Burrill on Assignments, section four.

It is true that the forgiving of the debts owing by the vendor would constitute a sufficient consideration for a sale. But there is no pretense that the debts were extinguished, or any part thereof, by the transaction, or intended to be. On its face it was a conveyance in trust to raise a fund to pay the debt, and, therefore, was not a sale. What is the purpose of counsel in this discussion, we are unable to understand. Is it to assume the position that the instrument in question is a bill of sale? They tried the case below on the theory that it is a chattel mortgage, and so they contended on the appeal. The only other question in this connection, presented by the motion, of any merit, is the contention that the closing paragraph of the deed indicates the purpose on the part of the grantor to reserve the right of redemption: "It is further agreed that, if at the end of ninety days, from this date, all of said debts are not paid, then the said Williams shall, at the request of any of the grantees herein, after giving five days' public notice, proceed to sell said property herein conveyed, or as much as may be necessary, at auction, for cash, to pay any balance due on said debts."

This paragraph did not escape the attention of the court. It so palpably refers to the preceding matter of the deed, as to the course to be pursued by the trustee in disposing of the goods, that we did not deem it important to prolong the opinion by its discussion. As stated in the opinion with reference to the first paragraph, respecting the payment of the debts "within ninety days from this date," the whole deed clearly shows that the contemplation of the parties was, that

this payment should be made by the trustee out of the sale of the goods. The deed then directs Williams to take immediate possession, and, first, sell for cash, at retail, at not less than first cost ; second, he is authorized to sell at wholesale, at a discount not greater than twenty per cent. on first cost. This is followed by a third provision, which authorizes the trustee, "if at any time after taking possession of said store, the sales for a period of ten days shall not exceed the expenses of said business," to sell at auction on five days' notice. Then follows the final provision above quoted. The manifest design and clear purport of this clause was to provide that in no event should the trustee retain the goods longer than ninety days, if the beneficiaries should request him to sell at auction at the end of that period. When the ninety days had expired, if the trustee had not then realized sufficient funds out of the sales then made to satisfy the debts named, the grantees had the option to have the trustee sell at auction, for any price he could obtain, to raise the fund necessary "to pay any balance due on said debts." This, to our mind, is the obvious meaning and intent of this paragraph ; and it is in perfect harmony with the preceding provisions of the instrument, which contemplated that the property should be taken into the immediate possession of the trustee to raise a fund to pay debts, without providing for, or contemplating any equity of redemption.

IV. To hold, as now requested by appellants, that the inference of a conveyance as a mere security for a debt may be drawn from the language : "Whereas, I am indebted to the above-named grantees," would make any deed of assignment a chattel mortgage, for that is the usually expressed consideration of a deed of assignment.

The case of *Steele ex rel. v. Faber*, 37 Mo. 72, referred to by counsel, is so obviously unlike the case at bar, as to scarcely deserve discussion. There the

mortgage not only expressed that it was given to secure the debts, but it showed on its face that part of the claims to be secured arose out of the relation of principal and surety, and it was designed to indemnify the surety, who would have no cause of action, or claim demandable, against the mortgageor, until the surety should pay the debt for the principal. Again it expressly provided that, "if the grantor pays his individual indebtedness, and saves harmless his copartners and securities against their said liabilities, the deed to be void." And the right to proceed on it was made to depend upon default in making such payments. And nothing was said as to the right of the mortgagee to take possession. It was by implication that the court held the right of the mortgagee to take possession on default existed.

V. It is again suggested in the motion for rehearing that we should transfer this case to the Supreme Court, on the ground that the amount involved exceeds the jurisdiction of this court. This question, so far as this court is concerned, has become *rem judicatum.* The appeal was originally taken to the Supreme Court. There the respondents filed motion to have the cause transferred to this court, on the ground that the real subject-matter of the controversy was within the jurisdiction of the court of appeals. On consideration, the motion was sustained by the Supreme Court, and the cause, by order of that court, was accordingly transferred. After the same was filed in this court the appellants presented motion here to have the cause re-transferred to the Supreme Court. That motion was, on consideration, overruled, as we felt concluded by the action of the Supreme Court.

It follows that the motion herein is denied. All concur.