In the Matter of the Assignment of BERNARD ZWANG; J. H. CONRADES CHAIR COMPANY *et al.*, Petitioners, Appellants, v. FRANCIS M. WOLF, Assignee of BERNARD ZWANG, Respondent.

**St. Louis Court of Appeals, February 18, 1890.**

**Voluntary Assignment:** DISTINGUISHED FROM DEED OF TRUST. A voluntary assignment for the benefit of creditors differs from a deed of trust in the nature of a mortgage, in that it is an absolute appropriation of the property conveyed to the payment of debts of the grantor, while a deed of trust is subject to a defeasance, either express or implied, rendering the conveyance void upon the payment of a liability or performance of an obligation, and is given merely as a security for such payment or performance. An instrument may be a deed of trust in the nature of a mortgage, though it does not contain the usual clause of defeasance, and though it authorizes the trustee to immediately take possession of and sell the property which it conveys to him.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Lubke & Muench,* and *Thrasher, White & McCammon,* for the appellants.

The assignment statute declares that every voluntary assignment of property by a debtor in trust for his creditors shall be for the benefit of all the creditors of the assignor in proportion to their respective claims; and also declares that all stipulations in any such instrument granting preferences shall be void. R. S. 1889, sec. 424. The attempt to give preferences does not avoid the instrument. By force of the statute the conveyance enures to the

In re Assignment of Zwang.

benefit of all the creditors; and it will be enforced under the statute. *Crow v. Beardsley*, 68 Mo. 435; *Douglass v. Cissna*, 17 Mo. App. 44. The conveyance made by Zwang to respondent Wolf, as trustee, possesses all the qualities of a conveyance in trust to raise funds to pay debts. This is its paramount purpose. Its character in this regard is clearly distinguishable from a mortgage. It appropriates the property conveyed to the immediate payment in weekly instalments of the debts intended to be preferred and not yet due; and it contains no clause of defeasance, except as to the property "unsold" after the maturity of these debts. Nowhere upon the face of the instrument does it purport in express language to be a security. In its essential features, showing an appropriation of assets to pay existing debts, it is like the instrument reviewed and held an assignment by the Kansas City Court of Appeals in *Mills v. Williams*, 31 Mo. App. 447. The prime purpose of these transactions will be understood to have been a desire to raise funds to pay creditors. *Clapp v. Nordmeyer*, 25 Fed. Rep. 71; *Freund v. Yeagerman*, 26 Fed. Rep. 812. The judgment should be reversed with directions to require respondent to answer the petition, or give bond.

*James R. Vaughan*, for the respondent.

By decisions in the Kansas City Court of Appeals and the supreme court of this state, the difference between a chattel mortgage and an assignment has become thoroughly fixed and outlined. A deed of assignment is a transfer of property, for the purpose of raising a fund to pay debts without an equity of redemption. The title to the property passes to the assignee and beyond the control of the debtor. A mortgage is a conveyance or pledge of property to secure a debt or debts, and is in its nature conditional, there remaining in the debtor a right of redemption, or reversion on the

In re Assignment of Zwang.

payment of the debt. *Imp. Co. v. Thurman*, 29 Mo. App. 187; *Mills v. Williams*, 31 Mo. App. 448; *Hargadine v. Henderson*, 97 Mo. 375. An instrument intended as a mere security will be upheld as such, although it may provide for an immediate possession being taken by the mortgagee. The conveyance in *Hargadine v. Henderson*, and in the following cases so provided, but were nevertheless held to be mortgages : *Gage v. Cheseboro*, 5 N. W. Rep. 881; *Hernbree v. Blackburn*, 19 Pac. Rep. 74. An express provision of defeasance is not necessary and essential to characterize an instrument as a mortgage. If from its nature, either standing alone or read in the light of surrounding circumstances, it appears to have been given as a security it must so be considered. *Hargadine v. Henderson*, 97 Mo. 375.

THOMPSON, J., delivered the opinion of the court.

This was a citation, under section 381 of the Revised Statutes of 1879, to require an alleged assignee for the benefit of creditors to file an inventory and give bond, or be dismissed from his trust. The trustee did not appear in answer to the citation, but a member of the bar appeared as *amicus curiæ*, and argued the questions of law arising, in favor of the view that the instrument alleged to be an *assignment* for the benefit of creditors was merely a *mortgage deed of trust* for the *security* of several creditors. The court took this view, and dismissed the petition, and the petitioner prosecutes this appeal. No oral evidence was heard in the circuit court, and the question for decision rests entirely upon an interpretation of the instrument which the petitioner supposes to constitute an assignment for the benefit of creditors. This instrument was as follows :

·TRUST DEED.

" This deed, made and entered into this eighteenth day of June, A. D. 1889, by and between Bernard

Zwang of the county of Greene, state of Missouri, party of the first part, and Francis M. Wolf of the county of Greene, state of Missouri, party of the second part, and 'The Scarritt Furniture Company,' W. J. Hauck, S. Strauss, Sugg and Beiersdorf, Pleasant Miller, F. H. Logemann Chair Company and Albert Marx, parties of the third part; witnesseth, that the said party of the first part *in consideration of the debt and trust hereinafter mentioned and created*, and the sum of one dollar ($1.00), to him paid by the said party of the second part, the receipt of which is hereby acknowledged, does by these presents grant, bargain and sell, convey, confirm and set over unto the said party of the second part, the following described personal property, situated, lying and being in the county of Greene, and state of Missouri, to-wit: The entire stock of furniture consisting of parlor suits, upholstered lounges, chairs and rockers, bedroom suits, bedsteads, dining-room suits, sideboards, extension tables, folding beds, safes and wardrobes, bureaus, dressers, washstands, looking glasses, reed and rattan goods, children's carriages, paintings, mouldings, desks, book-cases, chiffoniers, hall-trees, carpets, oil-cloths, rugs, cabinet hardware, window shades, as also all other property of whatever kind and description, also books and book accounts. The above-described property now contained in the basement, on the first, second and third floors, and throughout the entire building known as 'Fearn Block' at the southeast corner of the intersection of Boonville and Water streets, in Springfield, county and state aforesaid. To have and to hold the same to the party of the second part and to his successor or successors *in this trust*, and to him and his grantees and assigns forever. *In trust*, however, for the following purposes: Whereas, Bernard Zwang, the said party of the first part, has this day made, executed and delivered to said parties of the third part his promissory notes of

even date herewith, excepting the note made payable to Pleasant Miller, which note instead of bearing date as of to-day bears date May 4, 1889, for value received in the order and in the amount following, to-wit: One note for nine hundred and thirty dollars and eighty-five cents ($930.85), made payable to the 'Scarritt Furniture Company,' due sixty (60) days from date. One note for twenty-six hundred and seventy-eight dollars ($2678.00), made payable to S. Strauss, sixty (60) days from date. One note for three hundred dollars ($300.00), made payable to Albert Marx, due sixty (60) days from date. One note for eleven hundred and eighteen dollars ($1118.00), made payable to Pleasant Miller, sixty (60) days from date. One note for one hundred and seventy-five dollars ($175.00), made payable to W. J. Hauck, due sixty (60) days from date. One note for fifteen hundred and eighty-nine dollars and three cents ($1589.03), made payable to Sugg and Beiersdorf, due sixty (60) days after date. One note for five hundred and fifteen dollars and twenty-five cents ($515.25), made payable to F. H. Logemann Chair Company, due sixty (60) days from date, and all of said notes bearing interest at the rate of ten (10) per cent. per annum from date, and aggregating in amount seven thousand, three hundred and six dollars and thirteen cents ($7306.13).

" Power is hereby given to said party of the second part to take immediate possession of the property hereinbefore described, and to use, handle and control said property as a stock of merchandise in its present shape and condition, and to dispose of and sell the same in the usual and ordinary way of carrying on a retail trade for cash, and shall account weekly to the said Scarritt Furniture Company, W. J. Hauck, S. Strauss, Sugg and Beiersdorf, Pleasant Miller, F. H. Logemann Chair Company and Albert Marx, for the proceeds of sales of said property, and all moneys received from sale of said

property shall be weekly applied in payment of the notes herein described in proportion to the amount that said notes respectively called for.

"If the proceeds of the sales of said property, being sold in the manner and form hereinbefore set forth, and applied to the payment of said notes in the manner stated, between the present date and the nineteenth day of August, 1889, shall be sufficient to pay the whole of said notes as expressed therein, together with the costs of keeping, caring for and selling said property, *or, if, in the event the party of the first part, or any one for him, shall well and truly pay off and discharge the debt and interest expressed in said notes, and every part thereof, when the same becomes due and payable, according to the true tenor, date and effect of said notes, then this deed shall be 'void' and the property remaining unsold and hereinbefore conveyed shall be released at the cost of the said party of the first part; but, should the said party of the first part fail and refuse to pay the said debt, or the said interest, or any part thereof*, on or before the nineteenth day of August, 1889, or in the event that the proceeds of the said property—said sales being made in the manner hereinbefore described, and applied as herein stated—shall be insufficient to pay the said debt or the said interest, or any part thereof; *and, in any event, if all of said debts shall not be paid, together with the interest, or any part thereof, on or before the nineteenth day of August, 1889*, then the whole shall become due and payable, and this deed shall remain in force; and the said party of the second part, or, in case of his absence, death or refusal to act, or disability in anywise, the then acting sheriff of Greene county, at the request of the legal holder of said notes, may proceed to sell the property hereinbefore described, or any part thereof, at public vendue, to the highest bidder, either at the place where now situated, or at the court house door, in

the city of Springfield, Greene county, Missouri—place of sale to be at the discretion or option of said trustee, for cash, first giving ten (10) days' public notice of the time, terms and place of sale, and of the property to be sold, by advertisement in some newspaper printed and published in the city of Springfield, Greene county, Missouri, and, upon said sale, shall execute and deliver a bill of sale of the property sold to the purchaser, or purchasers, thereof, and receive the proceeds of said sale, and any statement of facts, or recital, by the said trustee, in relation to the non-payment of the money secured to be paid, the advertisement, sale, receipt of the money and the execution of the bill of sale to the purchaser, shall be received as *prima facie* evidence of such fact; and such trustee shall, out of the proceeds of said sale, pay, first, the cost and expenses of executing this trust, including legal compensation to the trustee for his services, and, next, he shall apply the proceeds remaining over to the payment of said debts and inter-est, or so much thereof as remains unpaid, and *the remainder, if any, shall be paid to the said party of the first part, or his legal representatives.* And the said party of the second part covenants faithfully to perform and fulfill the trust herein created, not being liable for any mischance occasioned by others.

"In witness whereof, the said parties have hereunto set their hands and seals the day and year first above written.

"[Seal.]                BERNARD ZWANG.
"[Seal.]           .    FRANCIS M. WOLF."

The question thus presented for decision is by no means free from doubt and difficulty. Several decisions of appellate courts in this state have stated, in general terms, the test by which to distinguish an instrument in the nature of a mortgage deed of trust from a deed of assignment for the benefit of creditors.

In *State to use, etc., v. Benoist*, 37 Mo. 500, 508, the instrument was very much like the one under consideration, empowering the trustee to enter and take immediate possession and proceed to sell the property for the payment of the debts therein named. It was held to be a partial assignment for the benefit of creditors, and not a deed of trust in the nature of a mortgage. The chief reason for this holding is expressed in a single sentence : "It conveys the property *absolutely* to trustees, to be sold for the payment of debts named and preferred in it." The court obviously intended by this sentence to mark the distinction between an absolute conveyance and a conveyance subject to a *defeasance*, which, as pointed out in subsequent decisions, is one of the essential distinctions between a mortgage deed of trust, and an assignment for creditors.

In *Crow v. Beardsley*, 68 Mo. 435, the instrument under consideration appears to have been quite unlike the one before us. It was a conveyance in trust for the payment of certain debts, therein described, owing to various beneficiaries, none of them being due. It provided that, if the debts were paid at their maturity, the deed should be void, otherwise to remain in full force, and that in the case of default the trustee should proceed to sell, etc. The only peculiarity of the deed was that it put the goods in possession of a third party until default in the payment of the debts. The court held that it was a deed of trust and not an assignment for the benefit of creditors. The court stated, in the language of an authoritive text book, the distinction between an assignment and a mortgage in the following words : "An assignment is more than a security for the payment of debts, it is an *absolute appropriation* of property to their payment." 1 Burrill on Assignments, 12. The court further observed : "The distinction is, that an assignment is a conveyance to a trustee *for the purpose of raising funds* to pay a

debt, while a deed of trust in the nature of a mortgage is a conveyance in trust for the purpose of *securing* a debt, subject to a condition of *defeasance.*"

The question appears to have been next considered in the appellate courts of this state by the Kansas City Court of Appeals in *Douglass v. Cissna,* 17 Mo. App. 44. In that case the instrument under consideration was made to a single creditor for the purpose, first, of discharging certain obligations due to that creditor, and to pay the remainder of the proceeds of the property to certain other creditors therein named. The conveyance was, as here, of a stock of goods, together with other property, and the assignee or trustee, by whichever term he is to be designated, was to take immediate possession, to invoice the goods, and sell the same to the very best advantage, etc. The deed contained the clause that, "Any residue, after paying all my creditors, shall be paid over to John W. Cissna ( the grantor ), or his assigns," and expressed in its concluding clause, that it was "the object of J. W. Cissna to pay all his creditors in full, if possible." There was no condition of defeasance, such as is usual in a mortgage deed of trust. The court said : "There does not appear to be any serious controversy between counsel that the legal effect of the deed is an assignment under the statute ; and such, we are of opinion, is its correct construction." 17 Mo. App. 57. Of the correctness of this decision there can be no possible doubt.

The question appears to have next come before the Kansas City Court of Appeals in *Smith, etc., Co. v. Thurman,* 29 Mo. App. 186. In the report of that case the deed is not set out *in haec verba,* but it is briefly described in the opinion of the court as a deed of trust to a trustee for the benefit of certain named creditors. "The property conveyed," said PHILIPS, P. J., "consists of certain real estate situated in Dade and Jasper counties, and a stock of dry goods, furniture, etc., in a

certain storehouse in the town of Greenfield, and 'one iron felloe and one Bain wagon.' The instrument sets out the names of the preferred creditors, and the sums respectively owing them by Thurman. The deed contains the provision that the trustee shall take immediate possession of the property, and proceed to sell the personal property for such sum, at retail, as his judgment may approve; and giving him the right, also, to sell the same in bulk, with the assent of the grantor and a majority of the beneficiaries, at such price as may be specified in the written assent. It also provides for a sale of the real estate at public auction, at the court house door in Greenfield, after fifteen days' notice by publication," etc. The court held that the instrument was not an assignment for creditors, but a deed of trust. The court disposed of the argument or rather of the assumption that the deed embraced all the property of the debtor, by pointing out that such was not its purport, and that no evidence was offered to show that such was the fact. The learned judge then said: "On its face the instrument possesses the distinguishing qualities of a deed of trust or mortgage. A mortgage is a conveyance of an estate, by way of *pledge*, for the *security* of a debt, to become *void* upon payment of it, or a *conditional conveyance* of land designed as security for the payment of money, the fulfillment of some contract, or performance of some other act, and to be void upon such payment or performance. 1 Hill, Mort. 3, 4. The distinction between a deed of assignment and a mortgage or deed of trust is, that the former is an *absolute transfer* to sell and pay, at all events, by which the grantor finally parts with his property, and it is alienated as well from his creditors as from himself; while the latter is a mere *pledge*, which may be to a small amount, and the estate of the grantor is not divested. Burr. on Assignments, 33, 34, 35; *Worden v. Babcock*, 2 Metc. 104; *Henshaw v. Sumner*, 23 Pick. 446; *Ridgway*

*v. Stewart*, 4 Watts & Serg. 392 ; *State to use v. Benoist*, 37 Mo. 508. The distinction is, that an assignment 'is a conveyance to a trustee for the purpose of *raising funds* to pay a debt, while a deed of trust in the nature of a mortgage is a conveyance in trust for the purpose of *securing* a debt, subject to a condition of *defeasance*.' *Crow v. Beardsley*, 68 Mo. 438. Tested by these rules, the instrument in question is clearly a deed of trust." 29 Mo. App. 190, 191.

The question next came before an appellate court in this state in the case of *Mills v. Williams*, 31 Mo. App. 447. The deed in that case bore some resemblance to the one under consideration. It conveyed a stock of goods and fixtures to a number of creditors to whom the grantor was indebted, and empowered them to take immediate possession by their agent, J. V. Williams, and directed that the agent should proceed to sell, at retail, at not less than first cost price; that he should have full authority to sell all the goods at wholesale at a discount not greater than twenty per cent. on first cost price; that he should render weekly statements for the benefit of the grantees of all business transacted; that he should pay the expenses of the trust, and make a weekly division of the proceeds of the sales *pro rata* among the creditors named in the deed. It also provided : " But, if, at any time after taking possession of said store, the sales for a period of ten days shall not exceed the expenses of said business, said Williams shall, in his discretion, immediately proceed to sell said goods and merchandise, after giving five days' notice, at auction, by retail or wholesale. It is further agreed that if, at the end of ninety days from this date, all of said debts are not paid, then the said Williams shall, at the request of any of the grantees herein, after giving five days' public notice, proceed to sell said property herein conveyed, or as much as may be necessary, at auction, for cash, to pay any balance due on said

debts." The only condition in the nature of a defeasance was expressed in the following language : " Now, if the said debts are paid by the sale of the goods, wares and merchandise herein transferred, as hereinafter set forth, within ninety days from this date, this mortgage to be void." The question appears to have been presented to the court with exceptional learning and diligence on both sides. The court found the question " by no means free from embarrassment ;" but, after going over the authorities already cited, and some others which lay down the same tests by which to distinguish a mortgage from an assignment for creditors, adverted to the fact that the *evidence* showed that the property which was conveyed would bring the case within the terms of a general assignment; that the conveyance actually ended the business operations of the grantor; that it embraced all of her available assets; the rest either constituting a homestead, or being covered by antecedent obligations to convey. The court justly observed that the mere fact that the draughtsman called the instrument a chattel mortgage could not make it such, though that fact might be looked to as evidence of the intention of the parties in case of doubt. The court then disposed of the language above quoted in the nature of a defeasance, by observing that "this language does not contemplate that the grantor is to, or may, defeat the forfeiture and sale by discharging the debts, but the debts are to be paid by a *sale of the goods within ninety days.*" The court observed that "to add after this, 'this mortgage to be void,' is a legal solecism. For how, in law and reason, could the conveyance be void after it had operated, and the trustee thereunder had actually disposed of the property to raise the means of discharging the debts ? Any surplus remaining after paying the debts would, by operation of law, with or without any express provision therefor, revert to the grantor. This condition, taken in connection with those thereafter ' set

forth,' shows that it was contemplated and intended
that the whole of the goods should be sold, and the
proceeds distributed among the creditors unreservedly
and at all events.'' The court distinguish this case
from the case of *Smith, etc., Co. v. Thurman, supra*,
by pointing out that, in the former case, the instrument
declared, among other things: "This conveyance is
made for the purpose of *securing* the payment of the
said debts;'' and that it also contained this condition:
"Now, if said party of the first part shall well and
truly pay and discharge said debts in full, according to
the tenor and effect of said notes, at any time before
any or all of said property herein conveyed shall have
been disposed of by said trustee, then as to said prop-
erty, or the residue thereof, this conveyance shall be
void,'' etc., and the court observed that nothing of the
sort appeared in the deed under consideration. It was
accordingly adjudged that the circuit court properly
construed it as a deed of assignment for the benefit of
creditors.

The last reported decision of an appellate court in
this state, so far as we are aware, upon this question, is
the decision of the supreme court in *Hargadine v.
Henderson*, 97 Mo. 375. The instrument in controversy
was similar in its general features to that under con-
sideration in the case of *Mills v. Williams, supra*, and
to the one now before us, except that it contained a
number of directions growing out of complications in
regard to the situation of the property, which need not
be considered, because they do not appear to have
influenced the decision either way. It recited the
existence of debts due by the grantor to several credit-
ors, and his liability to certain sureties, and proceeded
to say: "Now, therefore, the said John F. Henderson
is desirous of *securing* said debts and of protecting and
saving harmless his securities as aforesaid." It then
proceeded to convey to a trustee named a stock of goods

and fixtures and certain other property, empowering the trustee to take immediate possession, make an inventory of the goods, and proceed to sell them at private sale, etc., and directing that, after paying the expenses of the trust, he should divide the proceeds between the creditors above named, and, in case the sureties should pay the debts referred to, then he should refund to them the amount so paid. It contained the usual clause, that, if, after satisfying the debts named in the trust, there should be any excess, it should be paid over to the grantor. There was no condition of defeasance, such as is usual in mortgage deeds of trust, nor do we discover any clause of that nature in the instrument under consideration. The supreme court, after reciting the distinctions between a mortgage and an assignment for creditors, as already recited in this opinion, proceeded to adjudge that the instrument under consideration was a mortgage, reaching, it seems to me, a conclusion directly opposed to the reasons upon which the court proceeded.

The last decision relieves us of all embarrassment in the solution of the question before us. We must regard it as holding that the mere fact that the instrument empowers the trustee to take immediate possession and to sell the goods at public sale or otherwise, for the purpose of paying the debts therein described, does not prevent it from being construed as a deed of trust and not as an assignment. We must also regard it as authority for the proposition that the entire absence of the usual clause of defeasance, which is found in mortgages and in mortgage deeds of trust, does not prevent such an instrument from being construed as a mortgage. We must regard it as holding that an instrument which is an absolute appropriation of the property therein described, consisting of the debtor's stock in trade, his interest in the building wherein the goods are situated, and other personal property—apparently all he has

which is available for the payment of his debts,—for the purpose of raising a fund to pay the debts therein described, with power in the grantee to sell the entire property for that purpose, and with no reservation of any power to prevent or control the same,—is not an absolute assignment, but a mere pledge or security for certain creditors and sureties of the grantor.

Following the authority of this last case, as it is our duty to do, we are of opinion that the instrument before us is to be construed as the circuit court construed it, not as an assignment, but as a mortgage deed of trust. It is to be observed that all of the notes intended to be secured or paid by it were executed on the date of the deed itself, save one, which was executed about three weeks before. In the absence of evidence to the contrary, it does not appear but that all of these notes, save the one spoken of, may have been given for a *present consideration* moving to the grantor in the deed, which of itself would distinguish the case from that of an assignment of property to be appropriated to the payment of the debts previously contracted. Then the deed contains the usual clause of defeasance contained in mortgage deeds of trust, in the following words: "Or if, in the event the party of the first part, or any one for him, shall well and truly pay off and discharge the deed and interest expressed in said notes, and every part thereof, when the same becomes due and payable, according to the true tenor, date and effect of said notes, then this deed shall be void, and the property remaining unsold, and hereinbefore conveyed, shall be released at the cost of the said party of the first part, But should the said party of the first part fail and refuse to pay the said debt, or the said interest, or any part thereof, on or before the nineteenth day of August, 1889; or in the event that the proceeds of the said property—said sales being made in the manner hereinbefore described, and applied as herein stated—shall be

insufficient to pay the said debt, or the said interest, or any part thereof; and in any event, if all of said debts shall not be paid, together with the interest, or any part thereof, on or before the nineteenth day of August, 1889, then the whole shall become due and payable, and this deed shall remain in force; and the said party of the second part, or, in case of his absence, death or refusal to act, or disability in any wise, the then acting sheriff of Greene county, at the request of the legal holder of said notes, may proceed to sell the property hereinbefore described, or any part thereof, at public vendue," etc. All this language is common in mortgage deeds of trust, and none of it is appropriate to a mere assignment for the benefit of creditors. We do not attach importance to the clause toward the end of the deed, that the remainder, if any, shall be paid to the said party of the first part or his legal representatives, because, as has been observed in *Hargadine v. Henderson, supra,* and in several other cases, this would follow by operation of law.

Our recent decision in *Rosenthal v. Frank,* 37 Mo. App. 272, has some analogy, and tends towards the same conclusion.

It thus appears that this is a much clearer case for the conclusion that the instrument under consideration is to be construed as a deed of trust, and not as an assignment, than was the case of *Hargardine v. Henderson, supra.* We confess to an inclination to construe such instruments in doubtful cases as assignments, so as to make them operate by force of the statutes (Revised Statutes, 1889, section 424), for the equal benefit of all the creditors of the grantor. But the law in this state allows a debtor to prefer his creditors, and in this case the last decision of the supreme court on the subject makes it clearly our duty to hold that this instrument is a mortgage deed of trust, and not an assignment.

Several federal decisions have been cited to us in behalf of the petitioner, which go very far towards

supporting his views. *Kerbs v. Ewing*, 22 Fed. Rep. 693; *Freund v. Yaegerman*, 26 Fed. Rep. 812; *Clapp v. Nordmeyer*, 25 Fed. Rep. 71; *White v. Cotzhausen*, 129 U. S. 329. We entertain great respect for those decisions, but we cannot follow them on a question of the construction of one of our own statutes, where they are opposed to a controlling decision of our own supreme court.

We accordingly affirm the judgment of the circuit court. It is so ordered. All the judges concur.